HERBERT GORDON *vs.* CHIEF OF POLICE OF CAMBRIDGE.

Middlesex. March 6, 7, 1923. — April 13, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Cambridge. Police Officer.*

A police regulation, adopted by a chief of police and approved by the mayor of a city, providing for a hearing before removal of a police officer, even if legally authorized, in so far as it contravenes a later statute providing for a hearing after removal, is of no force or effect.

PETITION, filed in the Supreme Judicial Court on December 8, 1922, by a former police captain of Cambridge for a writ of mandamus addressed to the chief of police of that city commanding him to reinstate the petitioner in the office of captain, from which he had been removed by the respondent.

The petition came on to be heard before *Braley,* J., and was reserved by him for determination by this court upon the petition, answer and agreed statement of facts, which are described in the opinion.

*W. H. Lewis,* (*W. F. Kane* with him,) for the petitioner.

*W. J. Drew,* for the respondent.

DE COURCY, J.  The petitioner Gordon seeks a writ of mandamus to restore him to the office of police captain of the city of Cambridge, from which he was removed on November 5, 1921, by the respondent, as chief of police of said city.  The material facts are as follows: On November 2, 1921, Gordon received a letter from said chief of police suspending him from the police department, and notifying him that on November 5, 1921, at 10 A.M. he would be given a hearing upon charges preferred against him.  He requested a public hearing, but his counsel notified the respondent that no hearing could legally be held as early as November 5; and on that day no hearing was held, although three captains of police, designated by the respondent as a trial board, were in another room in the building.  At 12:15 P.M. on said November 5 the respondent revoked the order suspending Gordon, and restored him to duty.  On the same day, at 12:45 P.M. the respondent removed Gordon from the police department, and caused to be delivered to him, within twenty-four hours, a written notice to that effect, with certain specific reasons for his action.  The petitioner, in accordance with his request under G. L. c. 31, was given a public hearing on November 17, and subsequent days: he was present with counsel and witnesses, and cross-examined witnesses against him; on November 28 the respondent made his decision confirming the petitioner's removal; and notice of said decision was given within the time required by law.  He then duly filed a petition in the Third District Court of Eastern Middlesex for a review of the action of the respondent, in accordance with G. L. c. 31, § 45.  After a full hearing said court found the removal to be for just cause and in good faith and ordered the petition dismissed.

Since St. 1884, c. 320, § 15, the police officers of cities have been subject to civil service rules.  The law in force at the time of the petitioner's removal, and now, provides, in substance, that no such officer shall be removed from office except for just

cause, and for reasons specifically given him in writing within twenty-four hours "after such removal;" that if within three days thereafter he so requests, he shall be given a public hearing within a stated short time. In default of such hearing he "shall forthwith be reinstated." Within three days after the hearing he shall be notified in writing of the decision of the removing officer. The person so removed may have the action of the removing officer reviewed by the district court, — which shall affirm the decision unless it shall appear that it was made without proper cause or in bad faith. "The decision of the court shall be final and conclusive upon the parties." G. L. c. 31, §§ 44, 45. In the present case this procedure was duly followed, after the proposed hearing of November 5 had been abandoned.

That the chief of police was the proper removing officer is not questioned by the parties. See St. 1891, c. 364; St. 1912, c. 611, §§ 5, 7; St. 1915, c. 267, Part I, § 5 (now G. L. c. 43, § 5). *Ellis* v. *Civil Service Commissioners,* 229 Mass. 147, 151. The main contention of the petitioner is that the respondent McBride, as chief of police, was without power or authority to remove him from the office of captain or from the police department for any cause until and unless he had been found guilty by a trial board. This claim is based upon Rule 55 of Police Regulations, which reads as follows: "Any officer may be punished by the chief, in his discretion, either by reprimand, suspension, or fine not exceeding in amount five days' pay for any one offence which may be enforced by withholding pay, and in accordance with the provisions of the laws governing the civil service by the commissioner, by being reduced in rank, or by dismissal from the Force, either on conviction by any court of any offence, or if found guilty by a trial Board appointed by the Chief of any one of the following offences, to wit:" — enumerating fifteen offences.

All that the record discloses as to said Rule 55 is the statement in the agreed facts that it "was adopted by the respondent, as Chief of Police, and approved by the Mayor." It does not appear what legal authority there was to establish such a rule. If it was based upon the limited power to make rules governing the discipline of the police department, which was conferred on the chief of police of Cambridge under St. 1912, c. 611, § 5, as

suggested in the petitioner's brief, that power was expressly made subject to the provisions of the civil service law by § 7. Under the civil service law then existing, apparently the "person sought to be removed" was entitled to a hearing before removal; St. 1904, c. 314; St. 1906, c. 210; and the rule requiring such hearing may not have been inconsistent with the statutes in that respect. But St. 1918, c. 247 (now G. L. c. 31, §§ 43, 44, 45), as manifest from its terms, provides for a hearing after, and not before, removal; and for subsequent reinstatement in default of such hearing. This requirement of the State law is mandatory, and controlling. Even assuming that Rule 55 was consistent with the earlier civil service statute and was legally authorized when first adopted, it is obviously incompatible with the present statute, and can have no force and effect so far as it contravenes the same. *Corliss* v. *Civil Service Commissioners,* 242 Mass. 61. See *Dooling* v. *City Council of Fitchburg,* 242 Mass. 599, 602, 603. Cases like *Tucker* v. *Boston,* 223 Mass. 478, *Thomas* v. *Municipal Council of Lowell,* 227 Mass. 116, and *Ellis* v. *Civil Service Commissioners,* 229 Mass. 147, relied on by the petitioner, deciding that the officer was entitled to a hearing before removal, arose under the statutes existing prior to St. 1918, c. 247, and are not now applicable.

As the act of the respondent in removing the petitioner was valid, because in compliance with said G. L. c. 31, governing the subject, it is unnecessary to consider the effect of the decision of the Third District Court. See *Gardner* v. *Lowell,* 221 Mass. 150; *Murray* v. *Justices of the Municipal Court of the City of Boston,* 233 Mass. 186.

*Petition dismissed.*