FREDERICK H. McLAUGHLIN *vs*. MAYOR OF CAMBRIDGE & another.

Middlesex.     January 20, 1925. — June 30, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Civil Service. Cambridge. Police. Municipal Corporations,* Charter Plan B. *Mandamus.*

The adoption of an ordinance by the city of Cambridge in 1917, abolishing the then existing department of public safety and establishing a fire department and a police department and placing the police department under the chief of police as its head, was effectual under St. 1915, c. 267, Part I, § 5.

That part of a rule of the Cambridge police department providing in substance, that, before the removal of a police officer for cause, he was entitled to be heard by a trial board appointed by the chief of police, was *held* to be subject to the provisions of civil service law in G. L. c. 31, § 42A, and therefore to be of no effect, since the statutory provisions were for a hearing "before the officer or board having power of appointment and removal."

Although G. L. c. 31, § 45, which provides for a review by a district or municipal court of a decision of removal under § 42A, states that "The decision of the court shall be final and conclusive upon the parties," the parties are not deprived of the right to have manifest errors of law corrected by a writ of certiorari.

A writ of mandamus will not be granted to give relief from removal of the petitioner under G. L. c. 31, § 42A, where he has an adequate remedy under § 45 of that statute.

PETITION, filed in the Supreme Judicial Court for the county of Middlesex on April 15, 1924, for a writ of man-

damus "ordering" all of the acts of the respondent John J. McBride in removing the petitioner from office of patrolman "to be rendered null and void and that the order of removal be revoked and all entries thereto be stricken from the records"; and that the respondent Edward W. Quinn, "the duly elected mayor of said city of Cambridge and the executive head thereof and clothed with all the rights, powers and duties pertaining thereto over the various departments including the police department, may reinstate the said petitioner to his office as patrolman."

The petition was heard by *Carroll*, J., upon the pleadings and an agreed statement of facts. Material facts are described in the opinion.

Rule No. 55 of the general regulations for the government of the police force of the city of Cambridge was as follows:

"Any officer may be punished by the Chief, in his discretion, either by reprimand, suspension, or fine not exceeding in amount five days' pay for any one offence which may be enforced by withholding pay, and in accordance with the provisions of the laws governing the civil service by the Chief of Police, by being reduced in rank, or by dismissal from the Force, either on conviction by any court of any offence, or if found guilty by a trial Board appointed by the Chief of any one of the following offences, to wit: [enumerating intoxication and fourteen other offences] . . . ."

The petitioner asked for the following rulings of law:

"1. That the acceptance of the municipal charter Plan B did not either expressly or impliedly grant power to the city council of Cambridge to repeal an act of the State Legislature made for the benefit of the city of Cambridge known as St. 1912, c. 611.

"2. That the act of the Cambridge city council entitled 'An Ordinance abolishing the department of public safety' of 1917 did not repeal St. 1912, c. 611, either expressly or by implication.

"3. That the suspension of your petitioner from the Cambridge police department is in violation of G. L. c. 31, § 42A.

"4. That the removal of your petitioner from his office is void because: —

(a) He has never received notice of the finding of the trial board of March 17, 1924, as provided for by G. L. c. 31, § 42A.

(b) He has not been accorded a hearing as required by rule 55 of the Cambridge police regulations and without such hearing cannot be removed from the department.

(c) That he has not been accorded a fair and impartial hearing as required by G. L. c. 31 under your respondent who disqualified himself from giving such a hearing by an expression of bias, prejudice and prejudgment.

(d) That your respondent is not impowered by law to remove officers from the Cambridge police department which power is vested in a commissioner of public safety.

"5. That the hearing of March 26, 1924 was in violation of your petitioner's legal rights and constitutional guarantees because in violation of G. L. c. 31, Rule 55 of the Cambridge police regulations and your petitioner's right not to be twice tried for same offence.

"6. That rule 55 of the Cambridge police regulations is in full force and effect and that thereunder your petitioner was entitled to a hearing before a trial board before a removal from office."

The single justice refused to rule as requested by the petitioner, ordered the petition dismissed, and reported the case upon the pleadings and the agreed statement of facts to the full court for determination.

The case was argued at the bar in January, 1925, before *Rugg*, C.J., *Braley, Crosby, & Wait*, JJ., and afterwards was submitted on briefs to all the Justices except *Carroll*, J.

*F. Hunt*, (*G. A. McLaughlin* with him,) for the plaintiff.

*P. J. Nelligan*, city solicitor, for the defendants.

Crosby, J. This is a petition for a writ of mandamus, brought to compel the respondents to reinstate the petitioner as a patrolman in the police department of the city of Cambridge, from which he was removed March 27, 1924, by the respondent McBride as chief of police of that city. Hereinafter McBride will be referred to as the respondent. The question, whether the petitioner received seasonable notice of his suspension is immaterial, as this proceeding is

not brought to reinstate him because of such suspension, but on account of his removal from office.

The parties have agreed upon certain facts, from which it appears that the petitioner on January 20, 1924, was a patrolman on the Cambridge police force; that the respondent, previous to that date, had been appointed chief of the police department of that city, which appointment was confirmed by the city council, and by virtue thereof he has since acted in that capacity; that the respondent Quinn was and still is mayor of the city; that on January 23, 1924, the respondent received a written report from one Ginty, a lieutenant in the police department, to the effect that the petitioner, on the night of January 20, 1924, was intoxicated; that on January 23 the respondent suspended him from duty, and notice in writing of such suspension was delivered to him on the same date; that on January 24, the respondent received formal charges of intoxication and arrest therefor against the petitioner, made by one Leahy, captain of the petitioner's district; that on February 1, 1924, the respondent appointed three police officers of the department as a trial board, and also notified the petitioner of the charges and that a hearing would be held thereon February 6, 1924; that thereafter on account of illness of the petitioner the hearing was adjourned from time to time until March 17, 1924, on which date he filed with the board written objections to the jurisdiction of the board to hear charges against him; that no further action was taken by it. On March 19, 1924, the respondent notified the petitioner that he contemplated removing him as a police officer for reasons specifically given to him in writing, and appointed March 26, 1924, for a hearing. At the time and place fixed for the hearing the petitioner appeared by counsel and objected in writing to the jurisdiction of the respondent to hear charges against him, but the latter proceeded with the hearing. On March 27, 1924, the respondent made his decision, finding the petitioner guilty upon the charges, and removed him from his position as police officer, and on the same day notice in writing, as required by law, was given to him of such decision. It is also agreed that since January 3, 1916, the

city of Cambridge has been governed by the provisions of Plan B, St. 1915, c. 267, Part III, now G. L. c. 43. A copy (in part) of an ordinance of the city, entitled "An ordinance abolishing the department of public safety and establishing a fire department and a police department," adopted June 4, 1917, as amended, is annexed to the agreed statement of facts.

By St. 1912, c. 611, the police and fire departments of the city of Cambridge were consolidated into what was called the department of public safety. That statute provided for the appointment by the mayor of a commissioner of public safety, and prescribed his duties relative to these two departments of the municipality. Under St. 1915, c. 267, entitled "An Act to simplify the revision of city charters," the city of Cambridge since January 3, 1916, has been governed by the provisions of Plan B of that act, which is now embodied in G. L. c. 43. Under Part I, § 5, of the original act, now § 5 of G. L. c. 43, it is provided that the powers and duties of the officers and employees of any city adopting any of the plans provided for in the act shall remain as constituted at the time of the adoption of such plan, but the city council or other legislative body may at any time by ordinance, consistent with general laws, reorganize, consolidate or abolish departments, in whole or in part, and establish new departments. Acting under the authority conferred by this section, the city council by the ordinance hereinbefore referred to abolished the department of public safety and created police and fire departments. Section 4 of the ordinance is as follows: "The Police Department shall be under the charge of a Chief of Police who shall be the head of said department."

The effect of the adoption of the ordinance was to abolish the office of commissioner of public safety provided for in St. 1912, c. 611, and create in its place police and fire departments with a chief of police as the head of the former. G. L. c. 43, § 5. St. 1891, c. 364, § 8, as amended by St. 1907, c. 565, § 2. *Ellis* v. *Civil Service Commissioners*, 229 Mass. 147, 151. *Gordon* v. *Chief of Police of Cambridge*, 244 Mass. 491, 493.

St. 1923, c. 242, changed the civil service laws relative to

certain police officers in all cities except Boston, by inserting after § 42, of G. L. c. 31, two new sections, the first being § 42A, which provides in part that except as provided in section twenty-six, every police officer holding an office and classified under the civil service rules in any city except Boston shall hold such office during good behaviour and shall not be removed except after a full hearing, of which he shall have at least seventy-two hours written notice with a statement of the reasons for the contemplated removal; and except upon a written order stating fully and specifically the causes therefor, made after a hearing as above provided for, and signed by the board or officer before whom the hearing is held. Any hearing under this section shall, if the police officer so requests in writing, be public and shall be held before the officer or board having power of appointment and removal. It is further recited in the statute that at any such hearing charges shall be made by the officer in command of the department or of the district where the police officer is on duty or by any person designated by the official in command of the department, and the police officer shall be allowed to answer such charges either personally or by counsel. He shall be notified in writing within three days after the hearing of the decision at such hearing. The statute contains other provisions which need not be referred to as they are not material to the questions involved in the case at bar.

The contention of the petitioner that he cannot lawfully be removed without a hearing before a trial board and a decision by it, in accordance with Rule 55 of the general regulations relative to the police force of the city, cannot be sustained. Rule 55 is subject to the provisions of the civil service laws. If adopted under St. 1912, c. 611, § 5, that statute expressly provides in § 7 that the authority therein conferred is subject to the laws relating to the civil service. It is apparent that the charges against the petitioner could not lawfully have been heard by the trial board; although notice was given to him that such hearing would be held, it was afterwards abandoned. See *Gordon* v. *Chief of Police of Cambridge, supra.*

St. 1923, c. 242, provides that the hearing of charges shall
be held "before the officer or board having power of appoint-
ment and removal." Rule 55, so far as it provides for hear-
ing by a trial board appointed by the chief of police, is no
longer in force because inconsistent with St. 1918, c. 247,
now G. L. c. 31, §§ 43, 44 and 45, as amended by St. 1923,
c. 242. *Gordon* v. *Chief of Police of Cambridge, supra.*

Under Rule 55 the trial board never had any power to
remove but only to determine the question of guilt or in-
nocence.

Ordinarily where adequate relief may be had by resorting
to some other remedy, mandamus will not lie. If, as in the
case at bar, a person contends that he has been wrongfully
removed from an office classified under the civil service
rules of the Commonwealth and is entitled to bring a pe-
tition for reinstatement in a police, district, or municipal
court in conformity with the provisions of St. 1911, c. 624,
as amended, now G. L. c. 31, § 45, he cannot maintain a
petition for mandamus unless it appears that the remedy
so given is not adequate. *Butler* v. *Directors of the Port of
Boston,* 222 Mass. 5. *Thomas* v. *Municipal Council of
Lowell,* 227 Mass. 116, 120. The statute above referred to
provides that a person so removed may, within thirty days
after the hearing upon which his removal is based, bring
a petition in the district court praying that the action of the
officer or board may be reversed by the court; and after
notice it shall review such action, hear witnesses and affirm
the decision of the officer or board, unless it shall appear
that it was made without proper cause or in bad faith; in
which case the decision shall be reversed, and the petitioner
reinstated in his office without loss of compensation. Al-
though the statute provides that "The decision of the court
shall be final and conclusive upon the parties," and as such
decision, so far as it relates to questions of fact, will not be
reversed, yet the parties are not deprived of the right to
have manifest errors of law corrected by a writ of certiorari.
The Legislature did not intend by the words "final and
conclusive" to leave the parties without remedy if there
were substantial errors of law apparent on the record of

proceedings, depriving them of substantial rights. *Swan* v. *Justices of the Superior Court,* 222 Mass. 542. *Commissioner of Public Works of Boston* v. *Justices of the Municipal Court of the Dorchester District,* 228 Mass. 12.

As the remedy provided by G. L. c. 31, § 45, was adequate to protect the rights of the petitioner, the entry must be

*Petition dismissed.*