JOHN W. HAINES *vs.* TOWN MANAGER of MANSFIELD.

Bristol.     May 28, 1946. — July 8, 1946.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Municipal Corporations,* Officers and agents. *Police. Mansfield. Statute,* Repeal.

The only part of St. 1920, c. 586, § 20, repealed by St. 1943, c. 217, was the part expressly repealed by § 2 of said c. 217.

The power of suspending or removing the chief of police of Mansfield, vested in the town manager by St. 1920, c. 586, § 20, was not transferred to the selectmen by St. 1943, c. 217.

BILL IN EQUITY, filed in the Superior Court on September 27, 1945.

The case was heard on demurrer and reported by *Warner,* J. In this court the case was submitted on briefs.

*E. G. Townes & E. H. Stevens,* for the defendant.

*F. E. Smith,* for the plaintiff.

RONAN, J. The plaintiff, the chief of police of the town of Mansfield, an office which became subject to the civil service rules and regulations by virtue of the acceptance by the town of St. 1943, c. 217, and for which office the plain-

tiff has become qualified in accordance with said chapter, alleges in this bill in equity that the defendant has preferred charges against the plaintiff and has purported to suspend him from his office and intends to remove him therefrom; and that the power to suspend or remove the plaintiff is vested in the board of selectmen and not in the defendant. The bill prays for injunctive relief. A demurrer was overruled in the Superior Court. The judge reported the suit to this court.

The town has accepted the town manager form of government as set forth in St. 1920, c. 586. Section 20 defines the powers and duties of the town manager. Section 20 (b) authorizes the town manager to appoint and remove all chiefs of departments and all police officers, provided that a removal shall not be made except after five days' notice in writing stating the cause. Section 20 (c) empowers him to exercise control of all departments or divisions presently established or that may be subsequently created and made subject to his supervision. Section 20 (i) reads as follows: "To have control and supervision of the police. department of the town, subject, however, to the direction of the selectmen. The appointment and removal of the. chief or head of the police department shall not be subject to the civil service laws of the commonwealth but shall be made in accordance with the provisions of this act." Statute 1943, c. 217, authorizing the placing of the office of chief of police under the civil service laws, provided in § 1 that the office should, upon acceptance of the act, become "subject to the civil service laws and rules and regulations relating to police officers in towns," and in § 2 that "So much of paragraph (i) of section twenty of chapter five hundred and eighty-six of the acts of nineteen hundred and twenty as is inconsistent with the provisions of this act is hereby repealed."

The plaintiff undoubtedly has an appropriate remedy by a petition for a writ of mandamus, *Cunningham* v. *Mayor of Cambridge*, 222 Mass. 574, 580, but we do not pause to decide whether he is thereby prevented from maintaining a bill in equity, *Brierley* v. *Walsh*, 299 Mass. 292, 294, 295; *Parrotta* v. *Hederson*, 315 Mass. 416, 420, 421, as we prefer

to base our conclusion upon the question of substantive law that is presented for decision.

The only question is whether the power of suspension or removal, vested in the defendant prior to the effective date of St. 1943, c. 217, has by this chapter been transferred to the board of selectmen.

The plaintiff contends that, the office having become subject to the civil service laws "relating to police officers in towns," St. 1943, c. 217, § 1, the power to suspend or remove the chief of police is vested in the board of selectmen as that is the appropriate authority charged with such power in towns. G. L. (Ter. Ed.) c. 41, §§ 96, 97. But if this were so, it would follow that the board would also have the power to appoint the chief of police, that the power expressly entrusted to the defendant by § 20 (b) of St. 1920, c. 586, to appoint chiefs of departments would be abrogated in so far as it referred to the chief of police, and that the control and supervision of the police department which were vested in the defendant subject to the direction of the selectmen, § 20 (i), would be reduced to a mere matter of form. But the portion of § 1 of said c. 217 upon which the plaintiff relies must be construed with § 2 of that chapter. The legislative intent is to be ascertained from the statute as a whole, giving to every section, clause and word such force and effect as are reasonably practical to the end that, as far as possible, the statute will constitute a consistent and harmonious whole, capable of producing a rational result consonant with common sense and sound judgment. *Fluet* v. *McCabe,* 299 Mass. 173. *Commissioners of Public Works* v. *Cities Service Oil Co.* 308 Mass. 349. *Hinckley* v. *Retirement Board of Gloucester,* 316 Mass. 496. *Commissioner of Corporations & Taxation* v. *Chilton Club,* 318 Mass. 285, 292.

When § 2 is read with § 1 of said c. 217, there is no room for the application of the doctrine of repeals by implication, *Commonwealth* v. *Bloomberg,* 302 Mass. 349; *Ryan* v. *Marlborough,* 318 Mass. 610, because § 2 specifically designates the only portion of § 20 of St. 1920, c. 586, intended to be repealed. Section 2 measured the precise extent that c. 217 should be considered as a repealing statute. The only part

of § 20 that is affected is that part of subparagraph (i) which is inconsistent with said c. 217. It is fair to assume that if the Legislature had intended to repeal any other part of § 20 it would have made a provision therefor, and the express language of § 2 limiting the extent of repeal to a portion of § 20 (i) is indicative of an intent that no other portion of § 20 was to be affected. *McArthur Brothers Co.* v. *Commonwealth,* 197 Mass. 137, 139. It follows that the repeal must be confined within the bounds defined by the Legislature in § 2 of c. 217, and that the power vested in the defendant to suspend or remove the chief of the police has not been transferred to the selectmen. *Johnson* v. *Mayor of Quincy,* 198 Mass. 411, 413. *Duggan* v. *Third District Court of Eastern Middlesex,* 298 Mass. 274. *Egan* v. *Mayor of Boston,* 298 Mass. 448, 450. *Ryan* v. *Marlborough,* 318 Mass. 610, 613–614.

Other than changing the tenure of the office, c. 217 also provided a different method for the removal of the incumbent. G. L. (Ter. Ed.) c. 31, § 42A. See now St. 1945, c. 667. *Gordon* v. *Chief of Police of Cambridge,* 244 Mass. 491. *McLaughlin* v. *Mayor of Cambridge,* 253 Mass. 193. This change in method did not deprive the defendant of the power entrusted to him by § 20 of St. 1920, c. 586, but constituted a regulation of the exercise of the power. *Fiske* v. *Worcester,* 219 Mass. 428. *United States Drainage & Irrigation Co.* v. *Medford,* 225 Mass. 467. *Bay State Street Railway* v. *Woburn,* 232 Mass. 201. *Cullen* v. *Mayor of Newton,* 308 Mass. 578, 582. *Mayor of Somerville* v. *District Court of Somerville,* 317 Mass. 106, 121.

The alleged lack of power upon the part of the defendant to suspend or remove the plaintiff from his office being the sole ground upon which the bill was based and that being the only question raised, the judge should have sustained the demurrer and dismissed the bill. In these circumstances, there is no ground to retain the bill for further hearing. The interlocutory decree overruling the demurrer is reversed, an interlocutory decree is to be entered sustaining the demurrer, and a final decree is to be entered dismissing the bill with costs.

*So ordered.*