416 Mass. 35                                            35

Vining Disposal Service, Inc. v. Board of Selectmen of Westford.

VINING DISPOSAL SERVICE, INC. *vs.* BOARD
OF SELECTMEN OF WESTFORD & another.[1]

Middlesex. April 6, 1993. - August 4, 1993.

Present: LIACOS, C.J., WILKINS, LYNCH, O'CONNOR, & GREANEY, JJ.

*Contract*, Bidding for contract. *Municipal Corporations*, Contracts, Open
meetings.

In an action by a bidder challenging a town's rejection of all bids on cer-
tain municipal contracts, the summary judgment materials showed that
the plaintiff had no reasonable expectation of proving that the board of
selectmen and town manager did not proceed properly in determining
under G. L. c. 30B, § 9, that rejection of all bids would serve the best
interests of the town or that the board did not state, in writing, reasons
for the rejection sufficient to satisfy the requirement of § 9. [38-39]
A bidder on municipal contracts did not have standing to challenge the
alleged failure of a town's board of selectmen to comply with the open
meeting requirements of G. L. c. 30A, § 11A½, and G. L. c. 39,
§ 23B. [39-40]

CIVIL ACTION commenced in the Superior Court Depart-
ment on March 5, 1992.

The case was heard by *Catherine A. White*, J., on motions
for summary judgment.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Kenneth H. Tatarian* for the plaintiff.

*Robert D. O'Leary* (*John L. Connell* with him) for the
defendants.

O'CONNOR, J. The plaintiff seeks a declaration that the de-
fendant board of selectmen of Westford (board) acted un-
lawfully under the Uniform Procurement Act, G. L. c. 30B
(1992 ed.), in rejecting all bids, including those made by the

---

[1]Town manager of Westford.

plaintiff, for a recycling contract and refuse collection contract with the town. The plaintiff also seeks a declaration that the board's action, therefore, is void and that the contracts must be awarded to the plaintiff. The plaintiff seeks a further declaration that, in holding an executive session to decide whether to reject the bids, the defendants violated the open meeting requirements of G. L. c. 30A, § 11A½ (1992 ed.), and G. L. c. 39, § 23B (1992 ed.). The plaintiff and the defendants filed motions for summary judgment. A judge denied the plaintiff's motion, allowed the defendants' motion, ordered judgment for the defendants on all counts, and declared that "there was no violation" of G. L. c. 30B. The plaintiff appealed and we transferred the case here on our own initiative. We affirm the judgment.

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974). We quote the motion judge's uncontested recitation of the material facts in her memorandum of decision as follows:

"In January of 1992, the defendants issued two Invitations to Bid for contracts with the Town of Westford; one was for a Recycling Contract, the other was for a Solid Waste Collection and Transportation Contract ("Collection Contract"). Each Invitation to Bid was accompanied by all of the relevant instructions for the bidding process, and specifications of the projects. These documents informed the bidders that the bidding process, and the award of the contract, were covered by Mass. Gen. L. ch. 30B; thus each bidder was notified that she or he was required to comply with the statute.

"The defendants ultimately received four bids for the Recycling Contract. Using the 'present value' formula called for by the Bid Documents, the bids ranged from a low of $373,410 to a high of $455,280.20. The defendants rejected the lowest bid as nonresponsive and not in conformity with ch. 30B, leaving plaintiff Vining as the lowest responsive and

responsible bidder for that contract. The difference between the present value of plaintiff's bid and the present value of the nonresponsive bid was $4,952 — equivalent to 1.3% of the nonresponsive, lowest bid on the Recycling Contract. The defendants received five bids for the Collection Contract, which ranged from a low of $1,391,796 to a high of $1,499,177. The three lowest bids were nonresponsive and not in conformity with ch. 30B, and thus rejected by the Board, again leaving plaintiff as the lowest responsive and responsible bidder. The difference between the present value of plaintiff's bid and the present value of the lowest nonresponsive bid was $89,461, which is equivalent to 6.4% of the nonresponsive, lowest bid.

"On February 18, 1992, the Board met in executive session to discuss the implications of allowing the nonconforming bidders to amend their bids, or of accepting Vining's bids even though some bidders had been willing to do the work for less money, or of cancelling the bids and starting over. The Board returned to public session and announced its inclination to cancel the bids and rebid the contract. The motion was proposed and seconded, and then approved by a vote of the Board. The Board offered a written explanation of its decision to rebid the contracts in accordance with sec. 9 of the bidding statute, which stated that '[t]he ($4,952 and $89,461) difference in present value prices and the principles of fair competitive bidding advanced by c. 30B (are) sufficient reasons to reject all bids in the best interest of the Town.' The Board then issued a new Invitation to Bid for each contract."

General Laws c. 30B, § 5(*g*), provides in relevant part that "[t]he procurement officer shall award the contract to the lowest responsible and responsive bidder."[2] General Laws c. 30B, § 9, states, "The procurement officer may cancel an invitation for bids, a request for proposals, or other solicita-

---

[2]No party questions that, for purposes of this case, the "procurement officer" is the town manager, with the board of selectmen as awarding authority.

tion, or may reject in whole or in part any and all bids or proposals when the procurement officer determines that cancellation or rejection serves the best interests of the governmental body. The procurement officer shall state in writing the reason for a cancellation or rejection." "The legislative intent is to be ascertained from the statute as a whole, giving to every section, clause and word such force and effect as are reasonably practical to the end that . . . the statute will constitute a consistent and harmonious whole, capable of producing a rational result consonant with common sense and sound judgment." *Haines* v. *Town Manager of Mansfield*, 320 Mass. 140, 142 (1946). Accord *Chelmsford Trailer Park, Inc.* v. *Chelmsford*, 393 Mass. 186, 192, 197 (1984). General Laws c. 30B "constitute[s] a consistent and harmonious whole, capable of producing a rational result consonant with common sense and sound judgment," *Haines, supra* at 142, if § 5(*g*) is construed in light of § 9 as requiring that a municipal contract subject to the statute must be awarded to the lowest responsible and responsive bidder *if* it is awarded to anyone, but if the procurement officer concludes in good faith that municipal interests are best served by not awarding the contract to anyone, that is, by rejecting all the bids, the officer may do so and must state his reasons in writing. The motion judge adopted that statutory construction, and so do we.

The plaintiff argues that "simply restating the language of § 9 or identifying a difference in price between two bidders is not sufficient to override the clear intention and requirement of the statute that the contract be awarded to the lowest responsible and responsive bidder. Rather, the Board must demonstrate a factual basis for its decision that the best interests of the Town are met by the rejection of all bids." The defendants failed to demonstrate such a basis, the plaintiff says. In addition, the plaintiff asserts, "[w]hile it is plain that c. 30B, § 9 gives a town some ability to avoid the requirement of § 5(*g*) that the contract be awarded to the lowest responsible and responsive bidder, it does not do so when the bids which have been submitted are reasonably priced

and the town's apparent intent is simply to try to get an even lower price for the very same work." These arguments ignore the expressed terms of § 9 and imply other terms without justification. Section 9 expressly says that all bids may be rejected "when the procurement officer determines that . . . rejection serves the best interests" of the town. Section 9 also expressly requires that the procurement officer must state in writing the reason for the rejection. Nothing in that language expressly or implicitly mandates that, in addition to giving a written statement of the reason for the rejection of bids, the procurement officer must demonstrate that the facts validate the reason. Also, there is nothing in § 9 that suggests, as the plaintiff argues, that, "when the bids which have been submitted are reasonably priced," the procurement officer has no authority to reject the bids. The plaintiff would add to the statute language that the Legislature appears to have seen fit not to use. We are satisfied that the defendants have demonstrated that the plaintiff has no reasonable expectation of proving at a trial that the procurement officer did not determine that rejection of the bids would serve the best interests of the town or did not state in writing the reason for the rejection and that, therefore, the defendants were entitled to summary judgment on the plaintiff's G. L. c. 30B claim. *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 716 (1991).

We turn briefly to the plaintiff's claim that the defendants violated the open meeting requirements of G. L. c. 30A, § 11A½ (1992 ed.), and G. L. c. 39, § 23B (1992 ed.). As the motion judge recognized, both statutes provide that they may be enforced only "by complaint of three or more registered voters, by the attorney general, or by the district attorney" of the county in which the governmental body is located. Vining Disposal Service, Inc., is the only plaintiff in this case. Therefore, because of lack of standing, the open meeting claims must fail. See *Boston Edison Co.* v. *Boston Redevelopment Auth.*, 374 Mass. 37, 46 (1977) ("when an issue involves an area of law governed by a specific statute

with a standing requirement, that issue is governed by the standing requirements of the particular statute").

*Judgment affirmed.*