NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

15-P-936                                          Appeals Court

THREE REGISTERED VOTERS  vs.  BOARD OF SELECTMEN OF LYNNFIELD & another.[1]


No. 15-P-936.

Essex.     March 9, 2016. - August 12, 2016.

Present:  Cypher, Cohen, & Neyman, JJ.


Open Meeting Law.  Municipal Corporations, Open meetings.


Civil action commenced in the Superior Court Department on January 5, 2015.

A motion to dismiss was heard by Robert A. Cornetta, J.


Michael C. Walsh (David E. Miller with him) for the plaintiffs.
Thomas A. Mullen for the defendants.


CYPHER, J.  The plaintiffs, three registered voters (voters)[2] in the town of Lynnfield (town), appeal from the dismissal in the Superior Court of their complaint alleging that

_____

[1] The town administrator of Lynnfield.

[2] Ryan Collard, David Miller, and Michael Walsh.

the board of selectmen of Lynnfield (board)[3] violated the open meeting law, G. L. c. 30A, §§ 18-25, in the selection process for appointing several municipal officials.  The voters argue that the board violated the open meeting law by (1) failing to give proper notice of the meeting at which the new town administrator was appointed; (2) failing to properly process their complaint; and (3) failing to interview and to deliberate on applicants for the town administrator position in an open meeting.  We affirm the dismissal of the complaint.

This case appears to be the first under G. L. c. 30A, §§ 18-25, to reach an appellate court.  This new statute, inserted by St. 2009, c. 28, § 18,[4] was a significant revision of the former open meeting law, G. L. c. 39, §§ 23A-23C, which was repealed by St. 2009, c. 28, § 20.  Therefore, we briefly summarize provisions of the new law as relevant to the present case.

The open meeting law continues to "manifest[] . . . a general policy that all meetings of a governmental body should be open to the public unless exempted by . . . statute."  Attorney Gen. v. School Comm. of Taunton, 7 Mass.

---

[3] Specifically, chair David Nelson, vice-chair Phil Crawford, and Thomas Terranova, as they are or were members of the board.

[4] Unless otherwise noted, we refer to this version of the statute.

App. Ct. 226, 229 (1979). Section 20(a) of the open meeting law declares that "all meetings of a public body shall be open to the public," and § 20(b) states that a public body "shall post notice of every meeting at least 48 hours prior to such meeting." G. L. c. 30A, § 20, as appearing in St. 2014, c. 485.

Section 19(a) of the new law established a division of open government in the office of the Attorney General and provided her authority pursuant to § 25(a) to "promulgate rules and regulations to carry out enforcement of the open meeting law,"[5] and authority pursuant to § 25(b) to "interpret the open meeting law and to issue written letter rulings or advisory opinions according to rules established under this section."

Of particular significance in the present case, § 23(b) of the new law provides a procedure for the prompt review of allegations that a public body has violated the open meeting law and for bringing the complaint to the attention of the Attorney General.

Procedural background. Plaintiff Michael Walsh, a resident of the town, submitted a complaint dated December 2, 2014, to the board, alleging a pattern of violations of the open meeting law in the appointment process for several municipal positions, centering his complaint on the board meeting on November 3,

_____

[5] Comprehensive regulations now appear at 940 Code Mass. Regs. §§ 29.00 through 29.09 (2010) and 940 Code Mass. Regs. § 29.10 (2011).

2014, where it voted to appoint a new town administrator to replace the administrator who was retiring. Walsh, following the procedure stated in G. L. c. 30A, § 23(b),[6] timely submitted his complaint to the board, attached to the Attorney General's open meeting law complaint form. The town administrator, acting for the board, referred the complaint to town counsel, who reviewed the complaint and within fourteen days sent a detailed analysis and his findings to the Attorney General, with a copy sent to Walsh. Town counsel determined that the board did not violate the open meeting law and concluded that no remedial action was necessary.

There was no response from Walsh until, acting with the two other plaintiffs and following the alternate procedure in G. L. c. 30A, § 23(f),[7] the voters filed a complaint in the Superior Court on January 5, 2015, seeking injunctive relief, and a short order of notice issued. The voters also subpoenaed records and the testimony of town officials.

---

[6] Section 23(b) states in relevant part that a complainant is required to file a "written complaint with the public body [within 30 days of the alleged violation], setting forth the circumstances which constitute the alleged violation and giving the body an opportunity to remedy the alleged violation . . . . The public body shall, within 14 business days of receipt of a complaint, send a copy of the complaint to the attorney general and notify the attorney general of any remedial action taken."

[7] Section 23(f) provides that "3 or more registered voters may initiate a civil action to enforce the open meeting law."

We pause here to note that we are unable to determine from the record why there was no response to town counsel's analysis and findings from Walsh, whose abrupt change of course, not explained by the parties, appears to have been an abandonment of the procedure set in motion by his complaint to the board. While there is nothing in § 23(b) that states what action either the Attorney General or a complainant may take after a public body has submitted its determination to the Attorney General, 940 Code Mass. Regs. § 29.05(6) (2010) provides that if "at least 30 days have passed after the complaint was filed with the public body, and if the complainant is unsatisfied with the public body's resolution of the complaint, the complainant may file a complaint with the Attorney General."[8] Assuming that Walsh overlooked these explications of the path open for a complainant unsatisfied with a public body's response, a paralegal at the office of the Attorney General, in a letter to Walsh, stated that a notification and a response had been received from town counsel, but because no complaint had been filed with the Attorney General, it would be assumed that the "action taken by the public body was sufficient" and the file would be closed unless a request was made for further review.

---

[8] Also, the Attorney General's complaint form states: "If you are not satisfied with the action taken by the public body in response to your complaint, you may file a copy of your complaint with the Attorney General's Office 30 days after filing your complaint with the public body."

The voters' complaint proceeded to a hearing on January 15, 2015.  At the hearing, town counsel argued a motion to dismiss that had been filed by the board the previous day, which contended that the action should be decided without an evidentiary hearing and the subpoenas should be quashed; that the statute of limitations did not permit consideration of the appointments prior to the vote on November 3, 2014; and that no violations of the open meeting law occurred.  Specifically, town counsel argued that because the voters' complaint had been submitted under § 23(f)[9] of the open meeting law, there were two reasons why injunctive relief and an accompanying evidentiary hearing were inappropriate:  first, because it was the board's burden to show that the actions the voters complained of complied with the open meeting law, the hearing should be limited to the town's papers; and second, because there must be regard to the "speediest possible determination" of the case, and pursuing documentary or testimonial evidence and injunctive relief cannot be viewed as speedy.  The judge stated that he was

_____

[9] Section 23(f) states:  "In any action filed under this subsection, the order of notice on the complaint shall be returnable not later than 10 days after the filing and the complaint shall be heard and determined on the return day or on such day as the court shall fix, having regard to the speediest possible determination of the cause consistent with the rights of the parties . . . .  In the hearing of any action under this subsection, the burden shall be on the respondent to show by a preponderance of the evidence that the action complained of in such complaint was in accordance with and authorized by the open meeting law."

"not accepting any evidence" at the hearing, and Walsh agreed

that the voters would rest on their arguments and the "multitude

of papers."[10]

Discussion. 1. Standard of review. We follow the well-

known standard for review of a motion to dismiss pursuant to

Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974), considering the

pleadings de novo, drawing reasonable inferences in favor of the

voters, and considering whether the allegations plausibly

suggest an entitlement to relief.[11] See Iannacchino v. Ford

Motor Co., 451 Mass. 623, 636 (2008); Dartmouth v. Greater New

Bedford Regional Vocational Technical High Sch. Dist., 461 Mass.

366, 373-374 (2012).

2. Notice of meeting. The notice required by G. L.

c. 30A, § 20(b), states that in addition to posting notice at

least forty-eight hours prior to a meeting, the notice shall

contain the date, time, and place of the meeting, and a "listing

of topics that the chair reasonably anticipates will be

discussed at the meeting." The voters complain that the notice

for the November 3, 2014, meeting only stated, "Update on town

---

[10] It is not clear what the nature and the scope of a hearing should have been, but we decline to resolve the question because the voters' allegations fail as a matter of law.

[11] The voters argue that the motion to dismiss should have been converted to a motion for summary judgment and that they should have been permitted to present witnesses at the hearing. At the time of the hearing, however, the voters did not object to the procedure followed by the judge.

administrator search," and did not indicate that there could be a vote appointing the town administrator.[12]  It appears from the record that, at the time of the preparation of the meeting notice, it was not known that a decision would be reached by the board.  The decision to appoint came up unexpectedly during the discussion of the candidates when two board members realized that they agreed on the same candidate.  It was decided that further deliberation was unnecessary and that a vote should be taken in order to expedite the process.  Nothing in § 20(b) requires anything more than listing the topics reasonably anticipated by the chair to be discussed at the meeting.  The notice process, therefore, was proper and in accordance with the open meeting law.[13]

    3.  Alleged mishandling of the voters' complaint.  The voters complain that the board should have held a public discussion on their complaint.  There is no requirement in the statute for public discussion of an open meeting law complaint prior to the public body sending its response to the complaint

---

[12] The notice of an update followed the discussion at the previous open meeting on July 15, 2014, when the candidate search process began.

[13] Although listing an agenda topic as an update does not put the public on notice that a vote would take place, the statute only requires the agenda topics to be reasonably anticipated.  The outcome of a case could differ where the chair knew a vote would be taken, but only listed the agenda topic as an update.

to the Attorney General.  Title 940 Code Mass. Regs. § 29.05(4) (2010) specifies only that complaints shall timely be reviewed to "ascertain the time, date, place and circumstances which constitute the alleged violation."  The board's response was timely, and it may be inferred that town counsel ascertained the circumstances of the complaint.  The board adhered to the requirements of § 23(b).[14]

4.  Interviews and deliberation on candidates.  The voters only generally assert that the process for appointment of the town administrator violated the open meeting law.

The town obtained the assistance of the MMA Consulting Group (MMA) in an open meeting where it was agreed that MMA would select seven candidates from among the applicants who responded to the notice of the vacancy in the position of town administrator.  After information and the names of seven candidates had been submitted to the board, it began an interviewing process on October 29 and 30 where individual board members interviewed each individual candidate in separate rooms at the town hall.  The then-town administrator asked each board member to rank the candidates he had interviewed; one board

_____

[14] Although nothing in the open meeting law requires it, the town concedes that in order to comply with the Attorney General's regulations, as she has construed them, the board should have voted to delegate to the town counsel the investigation of and the response to the complaint, or authorized him to take any other action with respect to it.

member declined.  The town administrator did not discuss the rankings with other members of the board, and the board members avoided discussing the candidates with each other or with anyone who might communicate their view to another board member.

On November 3, 2014, at a regularly scheduled public meeting for which proper notice had been given, when the agenda item "[u]pdate on town administrator search" was reached, the individual board members began to discuss their views and the rankings of the candidates they had interviewed.  During that discussion it soon became apparent that two board members thought that one of the candidates was outstanding and should be hired.  A vote was taken.  Although the third board member agreed the candidate was a strong candidate, he thought further interviews should be conducted.[15]

---

[15] The discussion is described in considerable detail in the minutes of the meeting.  The minutes record the names of the candidates being considered and the names of the board members and the summaries of their statements about the candidates.  Two residents spoke at the meeting.  One asked about provision for removal of the town administrator and the other asked the board to hold a forum and publicly interview the candidates.  The board chair explained that public input was not part of the hiring process nor could the public participate in the interview process.

The minutes readily appear to conform to G. L. c. 30A, § 22, which states that the minutes shall "set[] forth the date, time and place, the members present or absent, a summary of the discussions on each subject, . . . the decisions made and the actions taken at each meeting, including the record of all votes."

Nothing in the open meeting law proscribes the individual interviews that took place.  As the judge properly concluded, these interviews did not constitute deliberations "between or among a quorum of a public body" which, as required by G. L. c. 30A, § 18, must be conducted in an open meeting.[16]  The individual interviews in these circumstances allowed the individual board members to obtain information and to form an opinion on each candidate in preparation for deliberation with the other board members at an open meeting.  There was no violation of any provision in the open meeting law. Contrast Gerstein v. Superintendent Search Screening Comm., 405 Mass. 465, 470 (1989).[17]

5.  Other appointments.  The voters also challenge under the open meeting law the previous appointments of the fire

---

[16] "Deliberation" is defined in § 18 as "an oral or written communication through any medium, including electronic mail, between or among a quorum of a public body on any public business within its jurisdiction; provided, however, that 'deliberation' shall not include the distribution of a meeting agenda, scheduling information or distribution of other procedural meeting or the distribution of reports or documents that may be discussed at a meeting, provided that no opinion of a member is expressed."

[17] The voters appear to favor public interviews of candidates.  The open meeting law is silent on whether such interviews should be public, although it does provide for a public body to meet in executive session where an "open meeting will have a detrimental effect in obtaining qualified applicants," as stated in G. L. c. 30A, § 21(8).  No argument has been made in the present case regarding any potential detrimental effects on qualified candidates.

chief, the town clerk, and the director of public works, whose appointments were made respectively on December 16, 2013; February 24, 2014; and July 15, 2014.  It appears from the record that the voters do not have standing to challenge these appointments because one plaintiff had been a registered voter in the town only since September 29, 2014.  The statute may be enforced only by "3 or more registered voters."  G. L. c. 30A, § 23(f).  Compare <u>Vining Disposal Serv., Inc</u>. v. <u>Selectmen of Westford</u>, 416 Mass. 35, 39-40 (1993).[18]

<u>Judgment affirmed</u>.

---

[18] The voters do not address this issue on appeal except in a footnote in their brief, where they state only that "[t]he Court dismissed counts four and five in error believing that all three voters must have been [town] voters during the entire course of conduct in order to object."  We need not consider an argument raised only in a footnote or a single sentence because it does not rise to the level of appellate argument; it may be deemed waived.  See <u>Mole</u> v. <u>University of Mass</u>., 442 Mass. 582, 603 n.18 (2004); <u>Boston</u> v. <u>Commonwealth Employment Relations Bd</u>., 453 Mass. 389, 402 n.11 (2009); <u>Boston Edison Co</u>. v. <u>Massachusetts Water Resources Authy</u>., 459 Mass. 724, 726 n.3 (2011).