*Western District*

## TOWN OF TEMPLETON

### v.

### CHARLES COLUMBIA

*Riley, J.* This is a petition to establish a report disallowed by the trial judge in the above entitled case. The action was a petition for assessment of kindred liable for support under the provisions of G. L. c. 117, §7 as amended by St. 1956, c. 156.

The statute now reads as follows:

"Section 7. A justice of a district court in the judicial district in which the person given such relief or support resides, or in the judicial district in which any one of such kindred to be charged resides, upon complaint of any town or kindred put to expense for the relief or support of such person, may on due hearing assess and apportion upon such of the kindred as the court finds to be of sufficient ability and in proportion thereto such amount as the court considers reasonable for or towards the support of the person to the time of such assessment, and may enforce payment thereof by execution in common form; but such assessment shall not extend to any expense for relief afforded more than two years previous to the filing of the complaint."

This section previously provided for a petition to be

brought in the Superior or Probate court in equity.

It is to be noted that no provision is made in the statute as now written for an appeal or a report to the Appellate Division of the District Courts. It was decided in *Lynn Gas Co. v. Creditors National Clearing House,* 235 Mass. 114 that a writ of review being a new action or proceeding was not brought in the Municipal Court by the election or choice of the plaintiff but by compulsion of law and hence was not subject to report to the Appellate Division. This ruling was followed in *Home Finance Trust v. Rantoul Garage Co.,* 300 Mass. 86, 87.

In *Donnelly v. Montague,* 305 Mass. 14 it was held that the Appellate Division of a District Court has no jurisdiction of a report of a ruling in a supplementary proceeding under G. L. (Ter. Ed.) c. 224, §§14-17. In this case the court says at pages 16 and 17,

"G. L. (Ter. Ed.) c. 231, §108, provides that a party 'aggrieved by any ruling on a matter of law by a single justice, may, as of right, have the ruling reported for determination by the appellate division when the cause is otherwise ripe for judgment, or sooner by consent of the justice hearing the same.' In *Lynn Gas & Electric Co. v. Creditors National Clearing House,* 235 Mass. 114, 115, 116, it was said, 'while the words of . . . (the statute), authorizing report to the Appellate Division, standing alone, are broad enough to cover every ruling of law made by a judge, they must be read in connection with . . . (G. L. (Ter. Ed.) c. 231, §§103, 104). So read in that context they are confined to such actions as the plaintiff might have elected to bring in the Superior Court but did choose to bring in the' District Court."

It is clear that under the present statute the plaintiff's petition was brought in the District Court not by choice or election but by compulsion of law and

consequently the cause is not subject to report to the Appellate Division.

It may well be that a party aggrieved by the action of the court under the instant statute may obtain relief by a writ of certiorari. *Swan v. Justices of the Superior Court*, 222 Mass. 542, 544. *Pino v. Municipal Court of the City of Boston*, 326 Mass. 277.

For the reasons above stated the petition is disallowed on the ground that the Appellate Division has no jurisdiction to establish a report.

J. Philip Howard for the Petitioner.

Louis Scerra for the Respondent.