*Southern District*

**TOWN OF BROOKLINE**

v.

**WILLIAM F. DOYLE**

(September 7, 1959)

*Present:* Nash, P. J., Cox and Callan, JJ.

Case tried to *Colten, J.,* in the Municipal Court of Brookline. No. 1221 of 1958.

*Callan, J.* In this Bill of Complaint brought by the Welfare Department of the Town of Brookline acting with the authority of the Department of Public Welfare of the Commonwealth under the provisions of G. L. c. 117, §7, as amended by St. 1956, c. 156, the town seeks to collect contributions from the respondent.

It is undisputed that the respondent is the son of Julia M. Doyle whom the town has been aiding as provided in G. L. c. 118A by payments to her for support monthly plus

medical expenses as needed and to whom continued aid will have to be given. From April 17, 1956 to October 31, 1958 aid to the extent of $2,199.80 has been furnished. The bill asks that the court decree that the respondent is of sufficient ability to make legal contributions as provided in G. L. c. 118A, §2A and that the court assess and apportion on the respondent an amount of contribution for past and future aid given the mother. In justification of the respondent's refusal to contribute he recites that there are unusual circumstances within his immediate family and that he is absolved as provided in G. L. c. 118A, §2A, ¶6.

The respondent is single, 51 years old and receives a gross yearly salary of $7,800.00. His mother, while married, gave birth to two sons, the respondent being the younger. As a baby under two years of age, the respondent was left by his parents with his maternal grandparents where he remained as a member of the household until he grew to manhood and married. The entire responsibility for his maintenance, education and up-bringing was theirs. Just before his fourth birthday his father separated from his mother and disappeared from his life. During his boyhood his mother was voluntarily a stranger to him giving her attention to the rearing of three other children of hers. The only reference to any support of the respondent was in 1917 when the respondent was nine years old. At that time the mother applied for and received "Mothers' Aid" from the Welfare Dept. of

the City of Newton, for a limited time. At that time "Mothers' Aid" was a form of relief paid to mothers for aid or support of indigent children. On the application to the City of Newton the respondent was listed as a child of Julia M. Doyle.

The respondent filed four requests for rulings. The court stated, "I find that the defendant was given the support in accordance with the Gen. Laws (Ter. Ed.) c. 118A and has the ability to pay under the statute." The court granted some requests and denied others and the respondent, claiming to be aggrieved by the finding and rulings, claims a report to the Appellate Division.

As the case was submitted to the court on an agreed statement of facts, the defendant's requests for rulings are inapplicable and of no consequence. *Antoun v. C.,* 303 Mass. 80, 81; *Howland v. Stowe,* 290 Mass. 142, 146; *Redden v. Ramsey,* 309 Mass. 225, 227; *Associates Discount Corp. v. Gillineau,* 322 Mass. 490, 491. The duty of this court is to enter the proper judgment or decree upon the case stated.

At common law a child is not bound to support its parents. *Re Fitzwaters, Guardianship,* 69 Fed. Supp. 866; *Rutechi v. Lukaszewski,* 79 NY 2nd 341; *Re Salm's Guardianship,* 282 NY 765; *Re Hech's Guardianship,* 225 Wisc. 636; *Atkins v. Curtis,* 259 Ala. 311; *N. Y. Cen. R.R., v. Johnson,* 234 Ind. 457; *Thornsberry v. State Dept. of Public Health,* 365 Mo. 1217; and in the absence of contract or statute a child is not liable for

support. *Adams v. Adams,* 348 Mo. 1041; *Howlett v. Social Sec. Comm.,* 347 Mo. 784; *Brackob v. Brackob,* 265 Wisc. 513; *Shaver v. Brierton,* 1 Ill. App. 2nd 192; *McEntyre v. Jones,* 128 Colo. 461.

In several states, statutes have been passed imposing on relatives in certain degrees liability for support of indigent persons, the purpose being to relieve and indemnify the public from the burden of such support. Since colonial times the relief of the poor of this Commonwealth has been imposed on cities and towns. G. L. c. 117, §1 §6 of that chapter imposes on the kindred of persons aided the duty to support in proportion to their respective ability. In 1915 (St. 1915, c. 163, §1 now c. 273, §20) it was made a punishable offense for any person over twenty-one years of age, possessed of sufficient means, to unreasonably neglect or refuse to provide for the support and maintenance of his parent, who through misfortune and without fault of his own is destitute of means of sustenance and unable by reason of old age, infirmity or illness to support and maintain himself.

It is further provided in said §20 that "no such neglect or refusal shall be deemed unreasonable as to a child who shall not during his minority have been reasonably supported by such parent, if such parent was charged with the duty to do so, nor as to a child, who being one of two or more children, has made proper and reasonable contribution towards the support of such parent."

In the case in issue the mother of the

respondent did not, however, seek aid under c. 117 but rather under c. 118A. All payments made to her were under this chapter. These two chapters deal with entirely different subjects. Each is separate and independent of the other, and each constitutes a complete and inclusive statutory system for the regulation and control of a particular phase of governmental activity. Each contains its own remedy for the enforcement of its own provisions. *Worcester v. Quinn,* 304 Mass. 276, 279.

By virtue of c. 118A (enacted in 1930) adequate assistance to deserving citizens in need of relief and support shall be granted under the supervision of the Department of Public Welfare of the municipalities. Such assistance shall be on the basis of need and the amounts shall be determined in accordance with bugetary standards. *Boston v. C.,* 322 Mass. 181. Each Board of Public Welfare shall establish a Bureau of Old Age Assistance. In §2 of c. 118A it is provided that no action shall be brought under c. 273, §20 of the Gen. Laws (hereinbefore cited) in connection with the granting of assistance under this chapter. Action under §§7 to 12, inclusive of c. 117 shall be brought by local Board of Public Welfare in connection with assistance granted under this chapter, with the approval of the State Department. In determining the need for financial assistance consideration shall be given to the resources of the aged person, and in determining this, a schedule relative to the financial ability to

support by a child of such person is provided in §2A.

In ¶6 of said §2A it is provided that "in any case, any unusual circumstances within the immediate family shall be considered with a view to determining whether such circumstances justify an exemption from the general rule relative to persons coming within the above classes."

While it may be true, as the judge found, that the respondent has the ability to pay and that he received support for a limited period in 1917 (although the aid was furnished by the City of Newton and not the mother,) we are of the opinion that all the facts of the case in issue constitute "unusual circumstances within the immediate family" which justifies an exemption on the part of the respondent to contribute toward the support of his mother.

A point arises as to whether this court has jurisdiction of this case. As pointed out in this opinion, proceedings to enforce payment by children of recipients aided under c. 118A entitled "Adequate Assistance to Certain Aged Citizens", are brought under G. L. c. 117, §§7 to 12, entitled, "Support by Cities and Towns." In the recent case of *Town of Hatfield v. Klimoski,* 338 Mass. 81 brought in the Second District Court of Eastern Middlesex pursuant to G. L. c. 117, §§7 to 12 to force the defendant to contribute to his father's support, a judgment was entered for the Town in the District Court and the defendant claimed an appeal to the Superior Court for a jury trial *de novo* on the merits. The Supreme Judicial Court

pointed out that while the Superior, Probate and District Courts have, from time to time, had jurisdiction of cases of this nature, it has from early times been regarded as being on the equity side of the court rather than on the law side. It was held that this type of action could not be appealed from the District to the Superior Court. The opinion further stated that "it is not necessary in this proceeding to determine two questions somewhat argued in the briefs of the parties (1) Whether questions of law arising in a proceeding under Sec. 7 of Chap. 117 may be reviewed by report to the Appellate Division," etc.

We can see no distinction between a case involving aid under c. 118A and one involving aid under c. 117 so far as the type of action is concerned. Both bear the earmarks of an equity action rather than a law action.

Although G. L. c. 218, §19 as amended, spells out the civil jurisdiction of District Courts, actions under G. L. c. 117, §§7-12 and c. 118A, all have to be brought in the District Courts which has exclusive jurisdiction. G. L. c. 231, §108 provides that "any party to a cause brought in the municipal courts of the City of Boston after Aug. 31st, 1912, or in any other District Court after Sept. 30, 1922, aggrieved by any ruling on a matter of law by a single justice may, as of right, have the ruling reported for determination by the Appellate Division."

By St. 1912, c. 649, §2, if a party elects to bring into Municipal Court of the City of

Boston any action or other civil proceeding which he might have begun in the Superior Court he was deemed to have waived a jury trial and his right of appeal to the Superior Court; and by §3 of said chapter no other party to said action was entitled to an appeal. These two sections abolished the right of appeal from a judgment of the Boston Municipal Court to the Superior Court only as to such cases as the plaintiff might have elected to bring first in the Superior Court. They did not effect the right of appeal in other cases. *Lynn Gas Co. v. Creditors Nat. Clearing House,* 235 Mass. 114.

While Sec. 8 of said c. 649 provided that any party aggrieved by any ruling on a matter of law by a single justice may have the ruling reported for determination by the Appellate Division, it was held in the *Lynn Gas Co.* case, supra, that the jurisdiction of the Appellate Division under §8 extended only to cases in which there is no right of appeal to the Superior Court. By St. 1922, c. 532, the same provisions which formerly applied only to the Municipal Court of the City of Boston, hereinbefore cited, became applicable to all District Courts. Consequently, since the plaintiff in the case in issue was compelled by statute to resort to the District Court, and since the Town of Hatfield case, supra, held that this type of action could not be appealed to the Superior Court we are of the opinion that this court has jurisdiction and the report is properly before us.

The finding for the plaintiff is to be

vacated and a decree is to be entered dismissing the Bill of Complaint. *So Ordered.*

*Clarence E. Duston,* of Brookline for the Plaintiff.

*Hugh S. Boyd,* of Newton for the Defendant.