*Northern District*

No. 5371

**TOWN OF STOW**

v.

**JOHN P. LIBBY**

(May 4, 1960)

*Present:* Gadsby, P. J., Eno and Brooks, JJ.

Case tried to *Northrup, J.* in the District Court of Central Middlesex. No. 17745.

*Eno, J.* This case is before this Division on an appeal by the petitioner of an order dismissing its petition, brought under G. L. c. 117, §7, and c. 118-A, §2A, against a son for the assessment of past and future support of his aged father.

While neither party raised the question before us, it is nevertheless our duty to consider whether an Appellate Division of a District Court has jurisdiction in such a proceeding. *Commr. of Corp. & Tax. v. Chilton Club,* 318 Mass. 285, 287.

By St. 1912, c. 649, for the Municipal Court of the City of Boston, and by St. 1922, c. 532, for all the other district courts, now G. L. (Ter. Ed.) c. 231, §§103 and 108, as amended, the former practice permitting an appeal from a decision of a district court to the Superior Court, in all civil actions, with a trial *de novo* in that court, was abolished.

These two statutes created Appellate Divisions to hear appeals from rulings of law made in such cases by justices of district courts.

But this right of appeal is limited to actions which are not required to be commenced in a district court, *Lynn Gas & Electric Co. v. Creditors Nat. Clearing House,* 235 Mass. 114, 116, unless the Legislature has provided another method of procedure.

For that reason the remedy for correction of alleged errors of a district court in the following kinds of actions may still be appealed to the Superior Court:

Petitions for writ of review, *Lynn Gas &*

*Electric Co. v. Creditors Nat. Clearing House,* 235 Mass. 114, 116; *Home Fin. Tr. v. Rantoul Garage Co.,* 300 Mass. 86, 87, 88; *Donnelly v. Montague,* 305 Mass. 14, 16; Petitions to vacate judgment, *Beserosky v. Mason,* 269 Mass. 325, 327; *Hopkinton v. B. F. Sturtevant Co.,* 285 Mass. 272, 275; *Donnelly v. Montague,* 305 Mass. 14, 16; Actions of summary process for the possession of land, *Donnelly v. Montague,* 305 Mass. 14, 16.

However, a decision by a justice of a district court in an Employment Security case, under G. L. c. 151A, §42, and questions of law raised at a trial in the Central District Court of Worcester before a jury of six jurors, under St. 1956, c. 738, are appealed directly to the Supreme Judicial Court; and a judicial review of matters involving discharge, removal or suspension, etc., of certain civil service employees under G. L. (Ter. Ed.) c. 31, §45, brought in a district court are final, and errors of law, are raised by a writ of certiorari. *Whitney v. Judge,* 271 Mass. 448; *McLaughlin v. Cambridge,* 253 Mass. 193; likewise for a petition for a writ of error, *Giarruso v. Payson,* 272 Mass. 417; *Donnelly v. Montague,* 305 Mass. 14, 16.

The cases brought under the Uniform Reciprocal Enforcement of Support Act under G. L. c. 273A have to be initiated in a district court, with an appeal permitted to the proper Appellate Division by St. 1954, c. 556, §9.

The history of G. L. c. 117, §7, under

which the matter now before us was commenced, is related in the recent case of *Town of Hatfield v. Klimowski,* 338 Mass. 81. Briefly stated the Superior Court had original and exclusive jurisdiction of these cases until 1950, when the Probate Courts were given concurrent jurisdiction by St. 1950, c. 485, §1. At that time G. L. (Ter. Ed.) c. 215, §6, was amended by adding to the powers of Probate Courts in Equity, this provision for concurrent jurisdiction with the Superior Court.

While this addition has not been specifically struck out from said §6, and it still appears therein, we are of opinion that it has been impliedly repealed by the St. 1956, c. 156, which transferred jurisdiction in such proceedings from the Superior and Probate Courts to the District Courts.

The Supreme Judicial Court in *Homer v. Fall River,* 326 Mass. 673, 676, said,

"Although ordinarily the repeal of a statute by implication is not favored by the law, it is a recognized principle 'that the enactment of a statute which seems to have been intended to cover the whole subject to which it relates, impliedly repeals all existing statutes touching the subject and supersedes the common law'."

That Court also had said earlier in *New London Northern RR. Co. v. Boston & Albany RR. Co.,* 102 Mass. 386, 389,

"The law does not indeed favor a repeal by implication. But a later statute, containing provisions, though merely affirmative in form, plainly repugnant to those of a former statute, repeals it as absolutely as by a negative clause . . .

Even the jurisdiction of a superior court may be ousted by necessary implication, as well as by express words."

Since 1956, therefore, the District Courts have exclusive jurisdiction of these proceedings. No provision is made in St. 1956, c. 156, for appeals from decisions of these courts.

In the case of *Town of Hatfield v. Klimowski, above* cited, the Supreme Judicial Court ruled that a question of law in such a proceeding could not be appealed to the Superior Court. It also stated that it was not necessary then to determine whether questions of law arising in such a proceeding may be reviewed by an Appellate Division or dealt with by petition for a writ of certiorari.

The Appellate Division for the Western District in a comprehensive opinion by *Riley,* P.J., decided in the case of the *Town of Templeton v. Columbia,* (1956) 12 Mass. App. Dec. 207, that it had no jurisdiction in such a proceeding.

And as authority for that decision it cited the case of *Donnelly v. Montague,* 305 Mass. 14, holding that the Appellate Division of a District Court has no jurisdiction of a report of a ruling in a supplementary proceeding under G. L. (Ter. Ed.) c. 224, §§14-17, because such appeals "are confined to such actions as the plaintiff might have elected to bring in the Superior Court but did choose to bring in the 'District Court'."

Under the present statute the petition now before us was brought in a district court not by choice or election but by compulsion of law; it is equitable in character and conse-

quently the cause is not subject to a report to the Appellate Division.

The report, therefore, is to be dismissed.

However, even if we should assume that the matter is properly before us, we would arrive at the same conclusion.

The reported facts may be summarized as follows:

Said Town has paid Old Age Assistance to the defendant's father since July 1957 at the rate of about $123.00 per month, plus medical expenses.

The defendant, although requested to do so, has refused to contribute anything towards the support of his aged father. His gross earnings after the statutory deduction of income taxes were $4,449.13 in 1957, and $5,088.63 in 1958. Taking out from those sums the statutory exemptions, for himself, wife and child of $4,350.00, it would show an average of $599.13 for 1957, and $738.00 for 1958, one third thereof being $199.71 for 1957 and $246.21 for 1958.

The trial judge found as a fact that the defendant is employed as a salesman and collection agent and has to use his own automobile in his work at the cost of about $1000 per year.

The sole question in issue, raised by the petitioner's requests for rulings, is whether or not the defendant is entitled to deduct this sum as a necessary expense in connection with his work.

The Town counsel argues that the only deductions allowed under said section 2A (8)

are state and federal income taxes, since the statute defines income as follows:

"8. The word 'income' as used in this schedule shall mean income after deducting state and federal income taxes thereon."

On the other hand the defendant argues that since his automobile is absolutely necessary in order to do his work, the expenses of maintaining it should also be deducted. These were allowed by the trial judge who, for that reason, dismissed the petition.

If the petitioner's contention is correct, then a self-employed person would be charged on the basis of his "gross" income, even though his expenses for running his business like rent, wages, and other proper business deductions, might be greater than his receipts, resulting in a loss rather than profits.

"While generally the word 'income' has a different signification from 'net income' the ordinary, popular, or usual meaning of the word, when used alone, may be 'net income' " 42 C.J.S. 534.

In an opinion of the Justices, in 5 Met. 596, 598, the Court said:

"We are not quite certain that we understand precisely what is intended by the 'gross income' of the corporation, and what by the 'net income'. But we suppose that in any mode of estimating the income of the corporation, the expenses of necessary repairs, and also of maintaining and employing engines and cars, for the carriage of passengers and freight, and all other necessary and incidental expenses of management, must be deducted from the actual receipts. Such balance only can justly be regarded as the income of the corporation."

This being an equitable proceeding, we are

of opinion that the Legislature intended "Income" to mean what a person actually could count on as his own after deducting all necessary expenses to earn it. There was no error therefore in the denial of the petitioner's requests for rulings.

For this and the reason hereinbefore stated the report is to be dismissed.

*Brooks, J.* concurs in the first but not the second ground of dismissal.

Thomas R. Morse, Jr. of Boston, for the Petitioner.

Fannie Buzzell Dettling of Hudson, for the Respondent.