*Northern District*

No. 5428

**JEFFREY LUBELL, p.p.a.**

v.

**FIRST NATIONAL STORES**

(July 21, 1960)

*Present:* Eno, J. (Presiding) & Northrup, J.

Case tried to *Gadsby, J.,* in the District Court of Chelsea, No. 416 of 1959.

*Eno, J.* This is an action against the defendant commenced in the name of a child by his father as his next friend.

The declaration is in two counts. Count 1 is for a breach of warranty, while Count 2

is for negligence. Both are for the same cause of action. In Count 1, it is alleged that on or about January 13, 1958, some "strained baby food" was purchased from the defendant; that the said food was unfit for consumption; that the plaintiff "as a result of partaking thereof" was made ill and thereby suffered certain damages; and that proper notice was duly given to the defendant. In Count 2, it is alleged that on the above-mentioned date the defendant was negligent; and that as a result thereof, the plaintiff suffered certain damages.

The defendant's answer sets up a general denial and the affirmative defense of contributory negligence, agency, and the Sales Act.

The action was originally made returnable in the District Court of Chelsea, and was removed to Suffolk Superior Court at the request of the defendant. Later, on May 14, 1959, it was remanded for trial by that Court to the said District Court of Chelsea under the provisions of G. L. c. 231, §102C.

At the trial in that court the only witnesses called by the plaintiff were his mother and father. The defendant neither cross-examined them nor introduced any evidence on its behalf.

The evidence introduced tended to show that the plaintiff's father purchased a jar of strained baby food from the defendant on or about January 13, 1958; that the said food was manufactured and packed by another not a party to this suit; that the plaintiff's mother opened the said jar and spoon fed the said

food to the plaintiff; that, at this time, the said food appeared fit for consumption; that during the said feeding the plaintiff showed signs of distress; that the plaintiff's mother then observed that the said food contained "small maggots".

The defendant duly requested the following rulings of law:

1. The evidence does not warrant a finding that the defendant made any warranty, express or implied, to the plaintiff concerning the jar of baby food in question.

2. The evidence does not warrant a finding that the defendant was negligent in manufacturing, packing or handling the jar of baby food concerned in this action.

3. The evidence does not warrant a finding that notice was given under G. L. (Ter. Ed.) c. 106.

The trial judge refused to rule on these requests, and later dismissed the defendant's claim of report, and found for the plaintiff child in the sum of $250.00.

The trial judge then voluntarily reported the case to this Division for determination under G. L. (Ter. Ed.) c. 231, §108.

The report states that it contains all the evidence material to the two following questions raised by the defendant's request for report.

1. In a remand action, so-called, may the trial judge in the District Court refuse to pass upon the defendant's requests for rulings where such requests present only questions of law?

2. In a remand action, so-called, may the trial judge in the District Court deny a

claim of report based upon the Court's refusal to pass upon the defendant's requests for rulings of law?

In removing this case from the District Court to the Superior Court, the defendant exercised a privilege given to it by G. L. (Ter. Ed.) c. 218, §23. And if it were not for the St. 1958, c. 369, §3, (now embodied in G. L. c. 231, §102C.) that action would have been tried and disposed of in the Superior Court as though originally brought in that Court.

However, in 1958, the Legislature in an effort to reduce the load in the Superior Court and to assure quicker trials therein by litigants, enacted St. 1958, c. 369, §3, commonly known as the "Remanding Act".

The material provisions of that Act are as follows:

"The superior court may of its own motion or on motion of a (party) . . ., after determination by said court that . . . there is no reasonable likelihood that recovery will exceed one thousand dollars, transfer for trial any action of tort or contract pending in said court to the court from which such action was previously removed . . .

Such action shall be tried by a full time justice of the district court . . . The justice shall file a written decision or finding with the clerk . . . Any party . . . aggrieved by the finding or decision may as right have the case re-transferred for determination by the superior court . . .

The action shall thereafter be tried in the superior court. *The decision of, and amount of the damages assessed, if any, by a district court shall be prima facie evidence upon such matters as are put in issue by the pleadings, and no other*

*findings of such court shall at any time be admissible as evidence or become part of the pleadings . . .* (Emphasis supplied)."

The defendant argues quite logically that if its only remedy is to have the case re-transferred back to the Superior Court, it will be at a great disadvantage in the trial in that court since the decision of the district court judge and the damages assessed by him "shall be prima evidence" against the defendant.

When such a case is remanded or transferred to a district court, it is for trial only. The Act also provides that

"If either party neglects to appear at the time appointed for such trial, or at any adjournment thereof, without just cause, or if at any such time either party refuses to produce in good faith the testimony relied on by him, the justice may close the trial and order that judgment be entered for the adverse party and file a finding or decision to that effect".

If there is a finding under that part of the section, or after a full trial on the merits, and the aggrieved party does not request a re-transfer under the Act, the case remains a district court case, judgment is entered in that court, and an execution is issued by that court.

But the Act provides that

"Any party to the action aggrieved by the finding or decision may as of right have the

case retransferred for determination by the superior court"

within ten days after notice of the decision or finding.

If the Legislature had intended that questions of law raised at the trial could be appealed to the Appellate Division for determination, it would have incorporated that in the Act.

The Appellate Divisions of District Courts are statutory creations. Their power is limited as is clearly stated in G. L. (Ter. Ed.) c. 231, §108, as amended. We recently reviewed the matters which may and may not be reported to the Appellate Divisions in our opinion in the case of *Town of Stow v. John P. Libby,* 18 Mass. App. Dec. 188.

We are of opinion that these "Remanded Cases" cannot be appealed to the Appellate Divisions of District Courts, and that the only remedy of an aggrieved party is to request a re-transfer to the Superior Court, where this and any other questions of law will be determined.

The report is to be dismissed.

Sebastian Tangusso of Chelsea, for the Plaintiff.
John H. Goewey of Boston, for the Defendant.