Bohn, J.
This case raises for the first time on appeal to the Northern District of the Appellate Division the issue of whether the Appellate Division of the District Court Department has jurisdiction to review an adjudication of paternity and the entry of a support order pursuant to the provisions of G. L. c.209C. Because this court is of the opinion that it does not have such jurisdiction, the report will be dismissed. Defendant’s appeal is to the Appeals Court.[1]
*95 1. Where relevant, G. L. c. 231, §108 provides that “[t]here shall be an appellate division of each district court for the rehearing of matters of law arising in civil cases therein, in claims for compensation of victims of violent crimes, and in civil motor vehicle infractions” (emphasis added). Pursuant to that statute,
[a ] ny party to a cause brought in the municipal court of the City of Boston, or in any other district court, aggrieved by any ruling on a matter of law by a single justice, may, as of right, have the ruling reported for determination by the appellate division pursuant to the applicable rules of court (emphasis added).
G. L. c. 231, §108.
The Appellate Division of the District Court, therefore, is a court of limited jurisdiction, with authority to examine only rulings on a matter of law. Donnelly v. Montague, 305 Mass. 14, 17-18 (1940); Lynn Gas and Electric Company v. Creditors National Clearing House, 235 Mass. 114, 115-116 (1920); Freedman v. Rent Control Administrator of Cambridge, 1 Mass. App. Ct. 836 (1973); Bickford v. Pisani, 58 Mass. App. Dec. 116 (1976); Zahansky v. Shea, 54 Mass. App. Dec. 51, 53 (1974); Black v. Zuker, 48 Mass. App. Dec. 156 (1972); Gentile v. Rent Control Board of Somerville, 48 Mass. App. Dec. 199 (1972). The Appellate Division does not have jurisdiction to review questions involving findings of fact, unless such findings involve errors of law or are plainly wrong. T.L. Edwards, Inc. v. Fields, 371 Mass. 895 (1976); Zaleski v. Zaleski, 330 Mass. 132, 134 (1955). In particular, the Appellate Division’s scope of review does not encompass a review of equity cases, which generally involve questions of law, fact and the exercise of discretion. See Walker v. Board of Appeals of Harwich, 388 Mass. 42, 45 (1983); Town of Stow v. Libby, 18 Mass. App. Dec. 188, 192-92 (1959).
The threshhold issue presented in this case, therefore, is whether the report filed with this court seeks a review of a ruling in a purely civil action or whether it seeks a review of a question arising from a civil action equitable in nature. If the appellant seeks review on a ruling in a purely civil action, the appeal is properly to this court. Conversely, if the appellant seeks a broader review of a question arising in an equity action, the appeal must be brought to the Appeals Court.[2]
Chapter 209C of the General Laws was added by Section 16, Chapter 310 of the Acts of 1986. In sum, the statute is intended to extend the same rights and protections of the law to children born out of wedlock as are provided to all other children. Those protections are to be provided in civil proceedings in which issues of paternity, support, custody and visitation may be resolved. G.L. c. 209C, § 7. Complaints may be brought by the mother, the putative father or the child. G.L. C.209C, § 5. Jurisdiction over complaints to establish paternity or support, and the registration of voluntary acknowledgements of parentage, is placed concurrently in the District, Boston Municipal and the Probate and Family Court Departments of the Trial Court. G.L. C.209C, §12
*96 At common law, there was no legal obligation on the part of a putative father to support his illegitimate child. Commonwealth v. Lobo, 385 Mass. 436, 444 (1982); Davis v. Misiano, 373 Mass. 261, 263 (1977); Commonwealth v. Dornes, 239 Mass. 592, 593-594 (1921). Since 1692, however, there have been provisions in the laws of the Commonwealth establishing such an obligation. Prov. St. 4 W. & M c. 6. At times, those statutes have been cast in the context of a criminal proceeding. See, e.g., St. 1913, c. 563; St. 1977 c. 848. See also Commonwealth v. Lobo, supra; Commonwealth v. MacKenzie, 368 Mass. 613 (1975). At times, those statutes have been cast in the context of a civil proceeding, as they are in Chapter 310 of the Acts of 1986. See, e.g., Province Laws 1692-1693, c. 18, §5. See also, Corcoran v. Higgins, 194 Mass. 291 (1907); Young v. Makepeace, 103 Mass. 50 (1869). At all times, however, these statutes have been treated as essentially equitable in nature, just as the zoning statute at issue in Walker v. Board of Appeals of Harwich, supra, and the parental support statutes at issue in Town of Hatfield v. Klimoski, 338 Mass. 81 (1958); Stow v. Libby, supra, and Great Barrington v. Gibbons, supra.
In Hill v. Wells, 23 Mass. (6 Pick) 104 (1828), the court declared that the purpose of the bastardy law then in effect was to “compel the putative father to aid the mother in the support and maintenance of the child.” Id at 106-107. In McFadden v. Frye, 95 Mass. (13 Allen) 472 (1866), the court noted that the object of the bastardy law then in effect was not to inflict punishment on the father, but, rather, “to [procure] from him maintenance for the child with the assistance of the mother.” Id at 473. In Commonwealth v. Dornes, 239 Mass. 592 (1921) the court held that the purpose of statute then in effect was to provide security for the town liable to support the bastard child and “to compel the putative father to aid the mother in the support of the child.” Id. at 594. And in Commonwealth v. Lobo, supra, the Supreme Judicial court described the “primary object” of a G. L. 273, § 12 proceeding — the statute in effect immediately prior to Chapter 310 of the Acts of 1986 — as one designed “to identify the father in order to impose on him his obligation [to provide support and maintenance] and to protect the public from the cost of maintenance.” Id. at 446. Whether described as an action seeking a declaration of paternity or one seeking a mandatory order compelling support payment, actions brought to establish paternity and to obtain support of illegitimate children historically have been considered equitable in nature. This division, therefore, is without jurisdiction to review those declarations or orders. See Walker v. Board of Appeals of Harwich, supra at 4546; Stow v. Libby, supra at 192-193. Contra, Town of Brookline v. Doyle, 18 Mass. App. Dec. 29 (1959) (Southern District).
The opinion reached by this court is consistent with rules of statutory construction. Although the legislature did not describe the appellate process for adjudications of G. L. c. 209C petitions, it did address that issue in another section of the statute. In St. 1986, c. 310, §21, the legislature established a process for determining issues ofpaternity and support by hearing officers. Those provisions, while not currently in effect, set forth an appellate process for the judicial reconsideration of decisions made by a hearing officer, and for review of those judicial reconsiderations by the Appeals Court.[3] Construing the various parts of Chapter 310 of the Acts of 1986 to produce a harmonious whole, Commonwealth v. Galvin, 388 Mass. 326 (1983); Walker v. Board of *97 Appeals of Harwich, supra; Town of Milton v. Metropolitan District Commission, 342 Mass. 222 (1961); Baker v. Chisolm, 368 Mass. 1, (1929); Wing Memorial Hospital v. Department of Public Health, 10 Mass. App. Ct. 593 (1980), it appears that the legislature intent is more fully satisfied by providing an appeal in a C.209C proceeding to the Appeals Court rather than to the Appellate Division.[4]
Report dismissed.

While neither party raised the issue of j urisdiction, this court nonetheless has the d uty to consider the issue on its own motion. See Warner v. Mayor of Taunton 253 Mass. 116, 118 (1925); Black v. Zuker, 48 Mass. App. Dec. 156, 161 (1971); Town of Stow v. Libby, 18 Mass. App. Dec. 188, 189 (1960).
Amicus briefs were filed in this case by the Massachusetts Department of Revenue Child Support Enforcement Division and by Mothers United for Support of Children Through Legislative Enactment (MUSCLE). This court wishes to acknowledge those briefs and is indebted to amici for their assistance.

The jurisdictional issue raised in this case is the same issue discussed by the Supreme Judicial Court in Walker v. Board of Appeals of Harwich, 388 Mass. 42 (1983), an appeal in a zoning case decided under G. L. 40A, § 17. In that case, as in the case under discussion, the legislature had omitted any prescription for appeal. In its examination of the jurisdictional issue, the Supreme Judicial Court found preliminarily that neither the Appellate Division of the District Court nor the Appeals Court had jurisdiction over zoning appeals. The Court found, nevertheless, a legislative intent to place appellate jurisdiction in the Appeals Court based on its recognition that zoning cases were essentially equitable in nature.
The jurisdictional issue raised in this case is also the exact issue defined by the Supreme Judicial Court but not resolved in Hatfield v. Klimoski, 338 Mass. 81 (1958), a case involving obligations of parental support as defined by G. L. c. 117, §7.

The Commonwealth has received an exemption from federal law and regulation requiring disposition of child support cases by hearing officers. The provisions of St. 1986, c. 310, § 21 are not to take effect unless the United States Department of Health and Human Services disapprove, terminates, dissolves or denies that exemption.

The jurisdictional provisions for the Appeals Court, G. L. c. 211, A, § 10, as appearing in St. 1979, c. 344, § 2, grants the Appeals Court jurisdiction over “a determination made in the superior court, the land court, the probate courts and the district court in jury session ... in all civil proceedings at law or in equity.” Thus, although G. L. c. 211A, §10 appears to preclude review by the appeals court of district court determinations in non-jury cases, it also seems to establish that equity cases, as a general matter are to be appealed to the Appeals Court. See Walker v. Board of Appeals of Harwich, 388 Mass. 42, at 48 (1983).