TOWN OF HATFIELD *vs.* CHARLES KLIMOSKI.

Middlesex.   October 9, 1958. — November 7, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE,
& CUTTER, JJ.

*Public Welfare. District Court,* Proceeding against kindred of indigent
person. *Equity Pleading and Practice,* Proceeding against kindred of
indigent person. *Constitutional Law,* Trial by jury. *Words,* "Civil
action."

A proceeding by a town in a District Court under G. L. c. 117, § 7, as
amended through St. 1956, c. 156, and related sections, to assess upon
kindred of an indigent person a reasonable amount for his support is
equitable in character and is not a "civil action" the judgment in
which may be appealed to the Superior Court under c. 231, § 97, for a
trial de novo on the merits and is not the type of proceeding with
respect to which a jury trial is required under art. 15 of the Declaration
of Rights of the Massachusetts Constitution.

COMPLAINT, filed in the Second District Court of Eastern
Middlesex on November 7, 1956.

The defendant claimed an appeal from the judgment of
that court to the Superior Court.   After hearing, *Dewing,* J.,
allowed the complainant's motion to dismiss the appeal.

*Philip E. Morin,* for the defendant.

*Raymond R. Cross,* for the complainant.

CUTTER, J.   This proceeding was brought in the Sec-
ond District Court of Eastern Middlesex pursuant to G. L.
c. 117, §§ 7–12,[1] by the town of Hatfield (hereinafter called

---

[1] General Laws c. 117, § 7 (as amended through St. 1956, c. 156), reads in
part: "*A justice of a district court in the judicial district in which the person
given such relief or support resides, or in the judicial district in which* any one
of such kindred to be charged resides, upon complaint of any town . . . put
to expense for the relief . . . of such person, may on due hearing assess and
apportion upon such of the kindred as the court finds to be of sufficient ability
. . . such amount as the court considers reasonable for or towards the sup-
port of the person . . ." (emphasis supplied).

The italicized words were substituted by St. 1956, c. 156, for the com-
parable words found in § 7, as amended by St. 1950, c. 485, § 1, "A justice of

the town) to force the defendant to contribute to his father's support. A judgment was entered for the town in the District Court. The defendant claimed an appeal to the Superior Court "for [a] new trial on the merits." He now contends that he was entitled to do so under G. L. c. 231, § 97.[2] The town's motion in the Superior Court to dismiss the defendant's appeal was allowed. The defendant has claimed an appeal from this dismissal to this court and has also filed a bill of exceptions.

The narrow question presented for our decision is whether a proceeding under § 7 (see footnote 1, *supra*) is a "civil action" within the meaning of § 97 (see footnote 2, *supra*). If it is, the defendant is entitled to a trial de novo on the merits in the Superior Court. If a proceeding under § 7 is not such a "civil action," no new trial is available under § 97.

The procedure under § 7 and related sections for compelling support of an indigent person by his kindred is statutory. See *South Reading* v. *Hutchinson*, 10 Allen, 68, in which Bigelow, C.J., said that the proceeding was "not a personal action" but "a proceeding of a peculiar nature, authorized by Gen. Sts. c. 70, § 5" (a predecessor of the present § 7). There is no occasion for tracing the earlier history of the section which in part goes back to St. 1692–3, c. 28, § 9, but, in modern times, the proceeding seems to have been intended to be exclusively within the jurisdiction

the superior court or a judge or special judge of a probate court sitting in equity in the county where."

General Laws c. 117, § 9 (as amended through St. 1928, c. 155, § 18), reads: "The court may, upon application of any party interested, make further orders, alter such assessment and apportionment according to circumstances, and may order with and by whom of such kindred as desire it such person shall live and be relieved, and the length of time he shall live with different kindred, having regard to the comfort of the person as well as the convenience of the kindred."

[2] General Laws c. 231, § 97 (as amended through St. 1931, c. 426, § 109), reads: "Unless a written waiver of the right of appeal has been filed by all· the parties, a party aggrieved by the judgment of a district court in a civil action which could not have been removed to the superior court may appeal therefrom to said court . . . in case of a judgment rendered in any other civil action [the provision here pertinent], within six days after the entry thereof. . . . The case shall be entered in the superior court for the same county . . . and shall be there tried and determined as if originally ·com-· menced there."

of the courts named from time to time in § 7 (cf. *Cooper* v. *Skinner*, 124 Mass. 183, 184–185; *Fourth Natl. Bank* v. *Mead*, 214 Mass. 549, 550–551) and its predecessors, and to have been regarded as on the equity side of the court. The liability under § 7 (see also G. L. [Ter. Ed.] c. 117, § 31) has been enforced in equity. See *Great Barrington* v. *Gibbons*, 199 Mass. 527, 528–529.

Revised Laws (1902) c. 81, § 11 (confirming a change of language made by St. 1898, c. 425, § 4), was a predecessor of § 7. Section 11 placed jurisdiction of proceedings thereunder in a "justice of the superior court sitting in equity." See note, Report of the Commissioners for Consolidating and Arranging the Public Statutes, vol. 1, pp. 676–677. The section remained unchanged in this respect after the revision, and through the recodification of 1921 and the changes effected in the section by St. 1928, c. 155, § 16. By St. 1950, c. 485, § 1, the section was changed to give such jurisdiction to a "justice of the superior court or a judge or special judge of a probate court sitting in equity." By St. 1956, c. 156, such jurisdiction was transferred to the District Court without any indication, either in the statute itself or in its legislative history,[3] of change in the equitable character of the proceedings. A purpose may well have been to take from the Superior Court and the Probate Court certain cases involving generally small amounts and continuing supervision which more appropriately and more easily could be dealt with in the several District Courts. We perceive no trace of any legislative intention to turn what had been a proceeding in equity into an action at law in the District Court subject to retrial in the Superior Court.

We are confirmed in this view by the circumstance that an equitable proceeding, like that under § 7, does not readily fit within the term "civil action." The term "civil action," which is used in § 97, ordinarily is applied under our State practice to actions at law. It further may be noted that no

---

[3] The original bill was 1956 House Doc. No. 1467. A new draft, 1956 House Bill No. 2553, was substituted. 1956 House Journal, p. 500. No committee reports or other legislative documents indicate the occasion for the legislation or the change by the new draft.

change was made in G. L. c. 117, § 9, by the 1956 amendment. Section 9 (see footnote 1, *supra*) calls for continuing supervision and alteration, by the court having jurisdiction under § 7, of the support payments as circumstances change. It would obviously be awkward, if such continuing supervision had to be exercised in the District Court subject to recurring trials de novo in another court. It is unlikely that the Legislature intended any such result. Because the proceedings are equitable in character, this is not the type of proceeding with respect to which a jury trial is required under art. 15 of the Declaration of Rights of the Constitution of the Commonwealth. See *Commissioner of Banks* v. *Harrigan*, 291 Mass. 353, 354–355; *Bashaw* v. *Willett*, 327 Mass. 369, 371–372. Having all these considerations in mind, we hold that § 97 has no application to proceedings under § 7, and that the defendant's appeal to the Superior Court was properly dismissed.

It is not necessary in this proceeding to determine two questions somewhat argued in the briefs of the parties, viz. (1) whether questions of law arising in a proceeding under § 7 in the District Court may be reviewed by report to the Appellate Division (see G. L. c. 231, §§ 103 and 108, as amended), and (2) whether such questions of law may be dealt with by petition for a writ of certiorari. See G. L. c. 213, § 1A, as amended through St. 1941, c. 180; c. 249, § 4, as amended.

*Exceptions overruled.*
*Appeal dismissed.*