*Northern District*
No. 7747
Equity No. 4 of 1971
## STEPHEN BLACK ET AL, PETITIONERS
v.
## ALAN G. ZUKER ET ALI

Equity No. 2 of 1971
### SARAH B. CRONIN
v.
### PHILIP M. CRONIN
Interim Rent Control Administrator
of the City of Cambridge, et ali

Equity No. 3 of 1971
## CHARLES F. HURLEY, TRUSTEE
v.
### PHILIP M. CRONIN
Interim Rent Control Administrator
of the City of Cambridge, et ali

Argued: April 13, 1972 - Decided: June 7, 1972

*Present:* Parker, P.J., Durkin, Mason, J.J.

All cases tried to *Feloney, J.,* in the Third District Court of Eastern Middlesex.

**Parker P.J.** These three actions come before this Division on one report.

The cases are petitions brought to secure a declaratory judgment as provided for by St. 1970, c. 842, §10(a) entitled "Rent and Eviction Control in Certain Cities and Towns". The petitioners complain of regulations and actions of the rent control administrator, appointed under the provisions of said Chapter 842 and the tenant Petitioners seek damages.

The report shows the following evidence: The City of Cambridge by vote of the City Council on 17 September 1970 accepted the provisions of Chapter 842. This Act went into effect on 17 October 1970. The respondent Cronin was appointed rent control administrator. Under the provisions of §6(a) of the Act the maximum rent is set as the rent charged for

the month six months prior to the acceptance of the Act, which was the rent charged 17 March 1970. On 24 November 1970, the administrator promulgated certain regulations. Regulation 13 stated that, pending hearings on any individual rental units, the administrator might exempt such units from rent control pending completion of the hearings. Regulation 13 further stated that the administrator, pursuant to the authority granted by §§5(c) and 7(c) and these regulations, exempted temporarily from rent control as of 23 November 1970, certain units for which petitions for rent adjustments were pending. Then followed a schedule of exempt properties for which petitions had been filed and were at that time pending. At a later time the administrator substituted the term: — Temporary Adjustments — for the word "adjustment" in regulation #13. On 11 December 1970, the administrator announced that temporary adjustments would expire 31 December 1970, and that units were now based on the March 1970 level, that landlord or tenant might petition for adjustment for individual units, and that then pending petitions for adjustments would be heard on receipt of a letter requesting a hearing.

The petitioners in the Black case (Equity #4 supra) are tenants complaining that the temporary adjustments granted by regulation 13 are illegal, the petitioners in cases Equity #2 and Equity #3 (supra) are landlords who

complain of the termination on 31 December 1970, of the temporary rent adjustments after being in effect for only one monthly period. In each case the parties who would be affected directly by the consideration of the petitions have been made parties by virtue of G.L. c. 231A, §8.

The controversy presented in the cases is the challenge by the petitioners to the actions of the administrator in allowing and later terminating temporary adjustments.

At the close of the trial the respondent seasonably filed seven (7) requests for rulings.

The court denied requests numbered 1 and 7, and took no action on requests numbered 2, 3, 4, 5 and 6.

The court made certain "Rulings" and a "Decree."

The court ruled that the action of the administrator in adopting regulation 13 was without authority under the Act and void *ab initio,* that the controlled rent in the units involved in these cases and in all the units of the ninety-nine buildings affected by regulation 13 was the rent charged in the month of March 1970. The court held that since the temporary adjustments granted under regulation 13 are void ab initio an examination and ruling as to the propriety of the termination of the adjustments was not required.

The court declared its action as applicable to all the controlled rental units in the ninety-

nine buildings which were subject of regulation 13, the standards for a class action having been met.

The court further held that the landlords shall be liable only for the amount of the overcharge and not for liquidated damages or treble damages as allowed by Section 11(a), and that criminal process shall not issue against landlords who collected the excess rent for December, 1970 in reliance on regulation 13.

The court issued the following decree.

"1. Respondent, Zuker, and complainants, Cronin and Hurley, are to refund the rent collected in excess of the controlled rent for the month of December 1970.

2. All other landlords of the ninety-nine buildings which were subject to regulation 13, are to refund to tenants the rent collected for the month of December 1970 in excess of the controlled rent.

3. The rent administrator shall not issue certificates of eviction based on non-payment of the illegally adjusted rent for the month of December 1970.

4. The rent control administrator shall issue such orders or regulations under the provision of the Act, as will provide for the orderly compliance with this decision, including appropriate provision for the rights of landlords and tenants during the pendency of any appeals of these cases or other judicial proceedings in relation to this decision."

· The petitioners claim to be aggrieved by the denial of their requests for rulings and by the court's rulings.

The first and most important question which is raised in these cases is that of the jurisdiction of this court to hear them on appeal. This issue has been raised on the brief of the petitioners. However, even though this is true, it is the duty of this court to consider such an issue on its own motion. *Warner* v. *Mayor of Taunton,* 253 Mass. 116, 118 and cases therein cited.

Accordingly, we shall determine whether this Division has the power to consider the appeal in this case.

St. 1970, c. 842, §10(a) provides that "Any person who is aggrieved by any action, regulation or order of the — administrator may file a complaint against the — administrator in a district court within the territorial jurisdiction of which is located the controlled rental unit affected by such action, regulation or order". Such complaints were made in the cases before us, are now treated as one case. The District Court heard the complaints and found that regulation 13 was issued without authority under the Act and is *void ab initio.*

This statute further provides that:—"Such district court shall have exclusive original jurisdiction over such proceedings and shall be authorized to take such action with respect therein as is provided in the case of the supe-

rior court under the provisions of chapter two hundred and thirty-one A of the General Laws, except that section three of said chapter two hundred and thirty-one A shall not apply. All orders, judments and decrees of such district court may be appealed as is provided in the case of a civil action in such district court.'' Appeals form the District Courts are covered by G.L. c. 231, Section 108, third paragraph. Section 97 of G.L. c. 231 provides for appeal to the Superior Court, and states that ''Unless a written waiver of the right of appeal has been filed by all the parties, a party aggrieved by the judgment of a district court in a civil action which could not have been removed to the superior court may appeal therefrom to said court . . . .''

These two sections would appear to be in conflict. However, this is not so, for civil appeals from a district court all went to the superior court until after 30 September 1922, when §108 of G.L. c. 231 became effective. §103 of G.L. c. 231 provides that a party who brings an action in the district court which he might have brought in the superior court waives his right to appeal to that court. §97 of said chapter saves the parties' right to appeal and right to jury trial in a case which could not have been commenced or removed to the superior court. In such a case the appeal still remains to the superior court as was the case before 30 September 1922. *Donnelly* v. *Montague,* 305 Mass.

14, 16. Thus, the parties right to jury trial under the provisions of the Constitution of the Commonwealth, Part the First, Art. XV is protected.

§10(a) of Chapter 842 of the Acts of 1970 gives original and exclusive jurisdiction to the district court within the territorial jurisdiction of which is located the controlled rental unit. The report shows this to be the Third District Court of Eastern Middlesex. The report before us having been allowed by a judge of that court.

Since original and exclusive jurisdiction is given to that court, the parties were compelled to begin and prosecute their action in that court. Said Chapter 842 gives the parties no right to begin or to remove the case to the superior court. By the terms of the statute they are bound to that court. Under these circumstances, the appeal lies not to this Division, but to the superior court. *Lynn Gas Co.* v. *Creditors Nat. Clearing House,* 235 Mass. 114, 118. *Hopkinton* v. *B. F. Sturtevant Co.,* 285 Mass. 272, 275. *Donnelly* v. *Montague,* 305 Mass. 14, 16. *Mancini* v. *Columbus Auto Body, Inc.,* 1971 Mass. Adv. Sheets 947, 948.

No jurisdiction is given to this Division by the reference to G.L. c. 231A in §10(a) of Chapter 842 of 1970. G.L. c. 231A is a procedural statute and was not intended to enlarge jurisdiction. *Worcester County National Bank* v. *Commissioner of Banks,* 340 Mass.

695, 696-97. *Executive Air Service, Inc.* v. *Division of Fisheries and Game,* 342 Mass. 356, 357-58.

G.L. c. 231A does not expand the jurisdiction of the courts upon which it confers power to render declaratory decrees. The statute makes it clear that the power is conferred on the courts within their respective jurisdiction. *Sisters of the Holy Cross of Massachusetts* v. *Brookline,* 347 Mass. 486, 491.

The statute does not enlarge substantive, as opposed to procedural, rights and no relief can be given under Chapter 231A in view of the specific statutory remedies given under G.L. c. 231, §§ 108, 103, 104 and 97. *Second Church in Dorchester* v. *Boston,* 343 Mass. 477, 478 and 479.

§8(a) of Chapter 842 provides for a hearing by the administrator of a petition for adjustment of rent for an individual controlled rental unit. By paragraph (d) of said §8 it is provided that "Hearings required by paragraph (a) shall be conducted in accordance with the provisions of section eleven of chapter thirty A of the General Laws except that requirements (7) and (8) of said section eleven shall not apply to such hearings".

This section is a directive to the administrator as to his conduct of the proceedings at the hearings. It does not cover appeals. The administrator's action in such a hearing as rent adjustment would be subject to review, by

the district court under the provisions of §10 (a). §11 of G.L. c. 30A gives only the requirements for the conduct of the proceedings before the administrator. This section is a directive to the administrator as to his conduct of the proceedings. It sets up as the requirements under which the administrator is to conduct the hearing, and states nothing about appellate procedure from the hearing. Appellate procedure under Chapter 30A of the General Laws is covered by §14 of said chapter, not §11, which §7(d) of said Chapter 842 says controls the conduct of the hearing. Even if by the greatest stretch of imagination it could be held that Chapter 30A controlled the appeal in this case under §14 of that chapter judicial review if not expressly precluded, is to the superior court.

Our attention has been directed to the case of *Hatfield* v. *Klimoski*, 338 Mass. 81. This was a proceeding in a District Court pursuant to G.L. c. 117, §§ 7-12, and was a proceeding brought by the Town of Hatfield to force the defendant to contribute to his father's support. A judgment was entered for the Town in the District Court and the defendant claimed an appeal to the Superior Court under G.L. c. 231, §97. On motion by the Town the appeal was dismissed in the Superior Court. The defendant appealed.

The material wording of G.L. c. 117, §7 is as follows: "A justice of a district court in

the judicial district in which the person given relief or support resides, or the judicial district in which any one of such kindred to be charged resides, upon complaint of any town . . . may on due hearing assess and apportion upon such of the kindred as the court finds of sufficient ability such amount as the court considers reasonable for or towards the support of the person.''

It was held that the case presented the narrow issue as to whether a proceeding under § 7 was a ''civil action'' within the meaning of G.L. c. 231, § 97. The Court held that it was not since it was a special statute and that in modern times the proceeding seems to have been intended to be exclusively within the jurisdiction of the courts named from time to time in § 7.

The court held that the proceedings under said Chapter 117 were of an equitable character, and that jurisdiction was transferred to the District Court because this type of case generally involved small amounts and continuing supervision which more appropriately and easily could be dealt with in the several District Courts. The court stated at page 83: ''We perceive no trace of any legislative intention to turn what had been a proceeding in equity into an action at law in the District Court subject to retrial in the Superior Court''. At page 84 the court further stated ''Because the proceedings are equitable in character, this is not the type of proceeding with respect to

which a jury trial is required under art. 15 of the Declaration of Rights of the Constitution of the Commonwealth.''

The wording of § 10(a) is that ''All orders, judgments and decrees of such district court may be appealed as is provided in the case of a civil action in such district court''.

It would appear that appeals in an action under Chapter 842 of 1970 is not a proceeding equitable in character, nor one involving small amounts of money and continuing supervision. In fact, the parties raise constitutional questions of due process. There is no history as in the *Hatfield* case of equitable relief and of a process of law in use in the Commonwealth in colonial times and before the adoption of the Constitution of Massachusetts.

Chapter 842 does not confer any specific equity jurisdiction to the district courts as does Chapter 582 of the Acts of 1970 passed within a period of a month and ten days of each other. We are of the opinion that the case before us and the *Hatfield* case are distinguishable and that it does not control the case at bar.

The last sentence of St. 1970, c. 842, § 10 of states that ''All orders, judgments and decrees of such district court may be appealed as is provided in the case of a civil action in such district court''. The appeal under this statute, since the district court has original and exclusive jurisdiction of the case, must be under

G.L.c. 231, § 97 to the superior court and this division has no jurisdiction to hear it.

Since the court has no jurisdiction in equity in the three cases, the Clerk will docket them on the usual civil docket and it is so ordered. **The report will be dismissed.**

RUSSELL B. HIGBY

AND

PHILIP M. CRONIN

for the respondents

GENE M. DAVIDSON

for the petitioners