*Northern District*
No. 8157
**JOHN J. ZAHANSKY**
v.
**W. JOSEPH SHEA**

Argued: Dec. 13, 1973 - Decided: Apr. 23, 1974

*Present:* Cowdrey, P.J., Bacigalupo, Forte, JJ. Case tried to *Snow, J.* in the District Court of Natick. No. 16215.

**Forte, J.** This is an appeal from the dismissal of a petition for review under G.L. c. 140, § 131.

This Division upon hearing the oral argument of appellant-petitioner raised the issue of its jurisdiction and permitted the appellant additional time to file a supplementary brief on that question.

G.L. c. 140, § 131 states in part:

". . . Any person refused a license under this section may obtain judicial review of such refusal by filing, within ten days of

such refusal, a petition for review thereof in the district court having jurisdiction in the city or town wherein the applicant filed for said license . . ."

Because the exclusive original judicial jurisdiction is within the District Court, the petitioner had to file his petition for review in the District Court of Natick in which territorial jurisdiction the Town of Natick is located; and the respondent could not have removed the petition pursuant to G.L. c. 231, § 104 to the Superior Court.

Where an entry cannot be made in the Superior Court and the parties have no election as to the forum, the appeals for said actions remain subject to the old appeal system — an appeal to the Superior Court and not the Appellate Division of the District Courts — *Donnelly* v. *Montague,* 305 Mass. 14; *Mancini* v. *Columbus Auto Body, Inc.,* 1971 Adv. Sh. 947; *Gentile* v. *Rent Control Board of Somerville,* 48 Mass. App. Dec. 199; *Van de Water* v. *Farrington,* —— Mass. App. Dec. —.[1]

G.L. c. 231, § 97 referring to appeals to the Superior Court reads in part:

". . . a party aggrieved by the judgment of a district court in a civil action which could not have been removed to the superior court may appeal therefrom to said court, . . ."

---

[1] App. Div. for the Northern District No. 8009, decided April 6, 1973.

A remedy by appeal, when provided, is exclusive. *Commercial Credit Corp.* v. *Flowers,* 282 Mass. 316.

Therefore, the Appellate Division has no jurisdiction to hear petitioner's appeal from a petition filed pursuant to G.L. c. 140, § 131. **Report Dismissed.**

WILLIAM C. WRIGHT, JR. of Natick
  for Petitioner

THOMAS F. BURKE of Belmont
  for Respondent