Welsh, J.

Thomas W. DEELY
vs.
BOSTON REDEVELOPMENT AUTHORITY

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

June 20, 1980

---

[b]Mass. App. Ct. Adv. Sh. (1979) 1415.

Robert W. Crowley for the plaintiff.
Arthur G. Coffey for the defendant.

Present: Lee, P.J., Welsh & Black, JJ.

WELSH, J. This is a petition for review under G.L. c. 32, s. 16(3)(a) of a decision of the Retirement Board of the City of Boston which upheld the determination made by the Boston Redevelopment Authority terminating plaintiff's employment with that agency effective January 21, 1974. The petition alleges that on August 14, 1975 after a hearing, the Retirement Board denied the petition and

---

[1] General Laws c. 32, s. 16(3)(a) provides as follows: "Any member classified in either Group 1 or Group 2 who has attained age fifty-five and completed fifteen or more years of creditable service, or any member so classified who has not attained age fifty-five but who has completed twenty or more years of creditable service, or any such member who is a veteran and has completed ten or more years of creditable service, and who is aggrieved by any action taken or decision of a board rendered with reference to his involuntary retirement under the provisions of subdivision (1) of this section or to his removal or discharge as set forth in subdivision (2) of this section, or any member who is aggrieved by any action taken or decision of a board rendered with reference to his dereliction of duty as set forth in section fifteen, may, within thirty days after the certification of the decision of the board, bring a petition in the district court within the territorial jurisdiction in which he resides praying that such action and decision be reviewed by the court. After such notice as the court deems necessary, it shall review such action and decision, hear any and all evidence and determine whether such action was justified. If the court finds that such action was justified, the decision of the board shall be affirmed; otherwise it shall be reversed and of no effect. If the court finds that such member was unjustifiably retired, removed or discharged from his office or position he shall be reinstated thereto without loss of compensation. The decision of the court shall be final."

sent notice of its action to plaintiff the following day.

The instant petition for review[1] was filed in the trial court on September 10, 1975. The Retirement Board of the City of Boston was not named as a defendant at the time of the filing of the petition for review. A summons, together with a copy of the petition, was served on the Boston Redevelopment Authority, the employing agency, and a return of service thereon was filed with the court. No order of notice was taken out or sought at any time.[2] On October 2, 1975, the Boston Redevelopment Authority filed a motion to dismiss, alleging, inter alia, that the court lacked jurisdiction of the subject matter; and that, in any event, the proper defendant was the Retirement Board and not the employing agency. The plaintiff countered with a motion to substitute the Retirement Board as party defendant and/ or to add the Retirement Board as party defendant. These motions were filed on October 23, 1975, more than thirty days from the filing of the petition for review.

The motion to dismiss was denied after a hearing by a judge of the trial court. The Boston Redevelopment Authority then filed an answer raising essentially similar jurisdictional questions and other issues, such as failure to state a claim upon which relief could be granted, misnomer, failure to join a necessary party and the unseasonability of the petition for review. Apparently, no action was taken on the motion to substitute the Retirement Board of Boston as party defendant. On March 23, 1976, process was served on the City of Boston Retirement Board together with a copy of the petition for review. The Retirement Board appeared and filed a motion to dismiss, alleging lack of subject matter jurisdiction both by the Retirement Board and the court, and further, that the petition failed to state a claim for which relief could be granted. The motion was duly marked for hearing. The plaintiff's counsel received notification of the hearing, but failed to appear and oppose the motion. A judge of the trial court, other than the judge who denied the motion to dismiss of the Boston Redevel-

opment Authority, allowed the motion to dismiss as to the Boston Retirement Board on May 26, 1976. The plaintiff contended in his brief and at oral argument that he was somehow inveigled not to attend and oppose the motion because of the disposition of the prior judge in denying the Boston Redevelopment Authority motion to dismiss, which was based on essentially similar grounds.

Apparently encouraged by the action taken by the second judge in allowing the Retirement Board's motion to dismiss, the Boston Redevelopment Authority filed a second motion to dismiss, which was heard and reserved by yet another judge. The motion was heard on July 14, 1976, but for some reason not apparent from the record the judge did not act on it until March 15, 1977, approximately 9 months later. The judge at that time allowed the Boston Redevelopment Authority's motion to dismiss. On May 3, 1977, the judgment was entered dismissing the complaint and notices were sent to all parties. On May 10, 1977, the plaintiff filed a motion to amend judgment under Dist./ Mun. Cts. R. Civ. P. 59 requesting that the dismissal of the action be "without prejudice," and for leave to substitute the Boston Retirement Board as the real party in interest. The motion to amend judgment was denied on July 27, 1977, and no request for report was filed or served.

On September 21, 1977, a motion for relief from judgment under Dist./Mun. Cts. R. Civ. P. 60 was filed. The motion was heard and denied on December 7, 1977. A draft report was filed within ten days of the action of the judge on the motion for relief from judgment.

Two matters are reported for our determination:

(1) Whether or not the appeal ought to be dismissed as being unseasonably filed or otherwise perfected; and

(2) Whether there was an abuse of discretion in denying the motion for relief from judgment.

[2]The statute provides that after such notice as the court deems necessary, it (the court) shall review the action and decision. This procedure usually involves the issuance of an order of notice rather than a summons.

We are of the opinion that the report must be discharged[3] because the Appellate Division lacks subject matter jurisdiction to review petitions under G.L. c. 32, s. 16(3)(a).

1. The statute itself indicates that the decision of a district court on such a petition for review is final. The statute makes no explicit provision for a further review of the action taken by the district court. The usual recourse in such cases is to proceed by means of an action for extraordinary review in the nature of certiorari. G.L. c. 249, s. 4. In consuring similar language in an analogous statute providing for judicial review of a determination by the Civil Service Commission, G.L. c. 31, s. 44, the Supreme Judicial Court has consistently held that it was not the Legislature's intent to foreclose any further review on matters of law by language suggesting that the decision of the district court was final. Substantial errors of law are reviewable under the remedy afforded by a petition for a writ of certiorari. **Whitney v. Judge of the Dist. Court,** 271 Mass. 448, 458, 459 (1930); **McLaughlin v. Mayor of Cambridge,** 253 Mass. 193, 199-200 (1925). Although we have not discovered any case directly in point under G.L. c. 32, s. 16(3)(a), we perceive no basis for distinction and hold that the Supreme Judicial Court would reach a similar result in cases of this sort.

In reaching this conclusion, the analysis in the case of **Stow v. Libby,** 18 Mass. App. Dec. 188 (1960) is pertinent. The Appellate Division therein was considering the question of its jurisdiction to review a petition under G.L. c. 117, s. 7 to compel support by certain kindred of an indigent parent. The court began its analysis by pointing out that it had a duty to consider the question of its subject matter jurisdiction even though not raised by either party. **Id.** at 189. The opinion then proceeds with an extensive review of appeals of district court proceedings of a civil nature. The court thereafter concluded that the Appellate Division lacked jurisdiction to review errors of law in proceedings under G.L. c. 117, s. 7. In reaching that result, the court relied sub-

stantially on the language of the Supreme Judicial Court in **Hatfield v. Klimoski,** 338 Mass. 81 (1958). In **Hatfield,** the Supreme Judicial Court held that there was no right to a de novo appeal in the Superior Court Department on the part of a defendant aggrieved by a district court finding in a proceeding to enforce support of an indigent person by certain kindred. The case was of the sort which had to be commenced in the District Court Department, and the Court concluded that the equitable character of the remedy was not changed when jurisdiction was transferred by statute to the District Court Department from the Superior Court Department. **Id.** at 83. Since it was in the nature of a suit in equity, some of the procedural incidents commonly associated with an action at law were deemed inapplicable. Among these was the right to a trial by jury. **Id.** at 85. The Court in **Hatfield** found it unnecessary to decide whether there could be review in the Appellate Division, a question answered negatively in **Stow v. Libby, supra,** or by certiorari. See **Templeton v. Columbia,** 12 Mass. App. Dec. 207, 209 (1958).

Although G.L. c. 218, s. 108, when read literally, would seem to imply that any ruling of law made in a district court in a case of a civil nature is reviewable by the Appellate Division, it has long been held that review by the Appellate Division is generally restricted to those cases in which the plaintiff has an election whether to bring the action in the District or Superior Court Department. Where the plaintiff is **compelled** to bring the action

---

[3]Since we are persuaded that subject matter jurisdiction is wanting, we think it appropriate to discharge the report rather than dismiss it. See Krock v. Consolidated Mines & Power Co., 286 Mass. 177, 180 (1934).

[4]Some examples of cases in which review is afforded in the Appellate Division, notwithstanding compulsion to bring the action in a district court, are: petitions for compensation of victims of violent crimes under G.L. c. 258A, s. 1 et, seq.; petitions to review a determination of a board of health to abate a nuisance under G.L. c. 111, s. 125A, Tanque v. Board of Health of Fairhaven, 47 Mass. App. Dec. 69 (1971); petitions under St. 1973, c. 470, s. 11, as amended by St. 1975, c. 845, s. 13, providing for further appellate review of actions taken by Old Kings Highway Historical District Commission.

in a district court it has generally been held, absent a clearly expressed legislative intent to the contrary,[4] that the Appellate Division does not have jurisdiction to review errors of law. **Donnelly v. Montague,** 305 Mass. 14, 17-18 (1940).

In the area of administrative law, further review by the Appellate Division of petitions for review within the scope of the jurisdiction of the District Court Department is not generally favored, absent an unambiguous legislative intent to the contrary. In **Sinclair v. Director of Div. of Employment Security,** 8 Mass. App. Dec. 13 (1954), it was determined that the Appellate Division lacked jurisdiction to review the action of a judge of the Boston Municipal Court Department on an unemployment security petition for review under G.L. c. 151A, s. 42. In **Zahansky v. Shea,** 54 Mass. App. Dec. 51 (1974), it was held that the Appellate Division had no jurisdiction to review a determination by a district court on a decision by a chief of police on an application for a firearm permit under G.L. c. 140, s. 131. In **Black v. Zuker,** 48 Mass. App. dec. 156 (1971), it was decided that there was no jurisdiction in the Appellate Division to review rulings of law where the action of a rent control board was reviewed in the District Court Department, even though the statute contained language which would permit an appeal of the order, judgment or decree of a district court as is provided in the case of a civil action. Id. at 162.

2. Even if it could be concluded that the Appellate Division has jurisdiction to review proceedings under G.L. c. 32, s. 16(3)(a), no error of law has been demonstrated. The plaintiff commenced his petition against the employing agency rather than the local retirement board. While no case cited by counsel or disclosed by our own research is directly in point, the language of the statute indicates a review of proceedings before the local retirement board. It was suggested by way of dicta in the case of **Sullivan v. Belmont,** Mass. App. Ct. (1979)[a] that the proper defendant was the local retirement board. Id. at .[b] The docket entries in this case show that the first attempt by the plaintiff to join or substitute the Retirement Board of Boston as defendant did not occur until thirty-four days after the filing of the petition for review. The petition for review was, therefore, "brought" too late. In the case of **O'Day v. School Comm. of West Brookfield,** 343 Mass. 122 (1961), the Supreme Judicial Court held that a failure to take out an order of notice on a petition for review under G.L. c. 32, s. 16(3) within thirty days of the decision appealed from rendered plaintiff's petition untimely. Id. at 124-125. We need not consider whether the Supreme Judicial Court would follow the same rationale today, in light of such cases as **Schulte v. Director of the Div. of Employment Security,** 369 Mass. 74 (1975). See **Commissioners of Civil Serv. v. Municipal Court of Boston,** 369 Mass. 84, 91 (1975).

More, importantly, plaintiff failed to request a report concerning the action of the judge in allowing the motion of the retirement board to dismiss the petition as to it. This action was taken in open court on May 26, 1976.

We are not impressed with the attempted justification put forth by the plaintiff that he failed to appear in opposition to the motion because of the action of a prior judge in denying an earlier motion of the Boston Redevelopment Authority to dismiss. Obviously, the Boston Retirement Board was not bound by such action because it had not yet appeared in the case. Even if it had appeared, a serious question arises as to whether it would have had "standing" to oppose a motion to dismiss as to another defendant.

As was pointed out in the case of **Pilgrim Pools, Inc. v. Perry,** Mass. App. Div. Adv. Sh. (1979) 455, 457, a motion for relief from judgment is not one of the "favored" motions that suspends the period of time in which a request for report and draft report may be filed. No request for report was filed in connection with the

---

[a]Mass. App. Ct. Adv. Sh. (1979) 423.

[b]Mass. App. Ct. Adv. Sh. (1979) 423, 430.

motion to amend judgment under Dist./ Mun. Cts. R. Civ. P. 59, and therefore no appeal rights were saved in connection with its denial.

Further, no requests for rulings of law were filed in connection with the motion for relief from judgment under Dist./Mun. Cts. R. Civ. P. 60. The Appellate Division does not generally review the manner in which a trial judge exercises his discretion in dealing with such a motion, absent a clear showing of an abuse of that discretion. **Trustees of Stigmatine Fathers, Inc. v. Secretary of Adm'n & Fin.,** 369 Mass. 562, 565 (1976). Abuse of discretion has been defined as an action, or a failure to act, which no conscientious judge, acting with knowledge of the circumstances, would take. See **Davis v. Boston Elevated Railway,** 235 Mass. 482, 502 (1920). It cannot rightly be said that any abuse of discretion has been demonstrated.[5]

The judge who acted on the motion for relief from judgment had, in our opinion, ample basis to determine in his discretion that this was a futile and desperate final attempt to rescue a petition for review already moribund, fatally flawed by misjoinder and non-joinder and by other egregious procedural inadequacies. Motions for relief from judgment are not, and never were, intended to operate as substitutes for appellate review after forfeiture of the right to review through the usual recourse.

For the reasons stated, we determine that subject matter jurisdiction is lacking, and that the report is not properly before us.

Let an order enter discharging the report.
So ordered.
Welsh, J.

[5]The Northern District of the Appellate Division recently reached a similar result on a related jurisdictional question in the case of Murray v. Board of Health of Watertown, Mass. App. Div. Adv. Sh. (1979) 469.