Dissenting Opinion
■Lenhoff, J.
The proceedings before this Appellate Division, though civil by general rule set forth in Ottaway Newspapers, Inc. v. Appeals Court, 372 Mass. 539, 551 (1977), this court should consider the report submitted deserved no consideration due to lack of jurisdiction. Noted at page 551 of Ottaway Newspapers, Inc. v. Appeals Court, supra, is the following language: ‘The action will end in a judgment capable of appeal under ordinary rules.”
This dissent is rendered because an appeal “under ordinary rules” is differentiated from a report to the Appellate Division as per Dist./Mun. Cts. R. Civ. P., Rule 64.
Prior to the enactment of G.L. c. 231, § 103, District Court decisions were appealed to the Superior Court where a trial de novo was obtained. Said statute provides that an election to commence an action in the District Court instead of the Superior Court, where it also could have been instituted, results in the waiving of a jury trial together with the right to appeal to the Superior Court. Third National Bank of Hampden County v. Continental Ins. Co., 388 Mass. 240, 242 (1983). Locke v. Slater 387 Mass. 682, 684 (1982).
The Appellate Division was created by G.L. c. 231, § 108 and it enables litigants to report cases to this body for review of questions of law arising at trial where the right of appeal to the Superior Court has been waived. In addition thereto, this Division has been given jurisdiction by specific statutory enactment. For example, the Appellate Division has been legislatively designated to review District Court decisions in (1) cases brought pursuant to the Uniform Reciprocal Enforcement of Support Act (St. 1954, C. 556, Sec. 9); (2) matters relative to claims for compensation of victims of violent crimes (St. 1967, c. 852, § 2 amending G.L. c. 231, § 108; (3) appeals on questions of law relating to civil motor vehicle infractions (G.L. c. 90, § 3); and, (4) in small claims cases if questions of law, in the form of a case stated, are submitted by the Trial Court. (G.L. c. 218, §23).
As stated previously herein, thejudgment here involved “is capable of appeal under ordinary rules.” Hence, an appeal to the Superior Court as per G.L. c.231, § 97 would be the correct and proper avenue to pursue providing the case is a *76 “civil action” within the meaning thereof. Gentile v. Rent Control Board of Somerville, 365 Mass. 343, 346 (1974). Freedman v. Rent Control Administrator of Cambridge, 1 Mass. App. Ct. 800 (1973). However, the “civil action” created in Ottaway Newspapers, Inc. v. Appeals Court, supra, to deal with the impoundment of court papers differs in a marked manner from the term “civil action” employed in said G.L. c.231, § 97 which ordinarily applies to actions of law. See Hatfield v. Klimoski, 338 Mass. 81, 83 (1958). The instant “civil action” involves both certiorari and mandamus considerations. The appeal seeks correction of a judicial tribunal’s action plus the remedy which involves the release of the impounded papers by the Clerk/Magistrate record keeper who is a named party herein. Further, because these proceedings are extraordinary in character and no jury trial is involved as would be the case if atrial de novo on the merits were available in the Superior Court, the appeal is to either the Supreme Judicial Court or Appeals Court “under ordinary rules.”
To further fortify the foregoing stated appeal procedure, attention is directed to the recently amended Chapter One of the Rules of the Supreme Judicial Court adopting new Rule 1.16 thereof. Same relates to impoundment procedure, effective January 1, 1988. Additionally, Trial Court Rule VIII was also amended by adding a new Rule 12 thereto pertaining to review of impoundment orders.Said Rule 12 establishes review by a single justice of an Appellate Court. Consequently, Trial Court Rule VIII, effective September 1, 1986 as amended on January 1,1988 as above, all relating to impoundment in civil proceedings, leaves no doubt that review is not in this Appellate Division.
Possessing no jurisdiction to review an order of impoundment the report be and is hereby dismissed.